## STATE EX REL. ZANE O. BROWN v. T. F. TELANDER.

163 N. W. (2d) 858.

December 27, 1968—No. 41246.

*Paul A. Skjervold,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James N. Bradford,* Special Assistant Attorney General, for respondent, Chairman, Adult Corrections Commission.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

On October 8, 1964, an information was filed in District Court, Eighteenth Judicial District, Arapahoe County, Colorado, charging petitioner with committing the crimes of aggravated robbery and conspiracy to commit aggravated robbery on or about November 26, 1963.[1] In accordance with Colorado law,[2] the names of all witnesses known to the prosecution were endorsed upon the information, and an affidavit by one Thomas Boam verifying under oath that he had personal knowledge that the offenses charged in the information were committed was attached thereto. Permission to file the information and an order setting bail were then endorsed on the information by a district judge, and a warrant was issued for petitioner's arrest. Petitioner was arrested in Colorado and on October 23, 1964, was arraigned on the information. At that time, petitioner appeared with counsel and entered a plea of not guilty by reason of insanity. Petitioner was then released on bail. Shortly thereafter he fled to Minnesota.

In July 1967, the governor of Colorado instituted extradition proceedings against petitioner. The demand for extradition alleged that petitioner was charged with the crimes of aggravated robbery and conspiracy to commit aggravated robbery; that petitioner was present in Colorado at the time the alleged crimes were committed; and that petitioner there-

---

[1] The crime of robbery is defined in Colo. Rev. Stat. 1963, § 40-5-1, while the crime of conspiracy is defined in Colo. Rev. Stat. 1963, § 40-7-35.

[2] Colo. Rev. Stat. 1963, § 39-4-2.

after fled to Minnesota. The demand was accompanied by a certified copy of the information and an affidavit supporting it.

The governor of Minnesota issued a warrant in response to this demand, and petitioner was arrested in this state. He then petitioned the District Court of Hennepin County for a writ of habeas corpus pursuant to Minn. St. 629.10. After a hearing, the trial court dismissed the writ and ordered petitioner held for the Colorado authorities. Petitioner appeals.

At the hearing, petitioner testified positively and unequivocally that he was not in Colorado on November 26, 1963, the date of the alleged offenses. On oral argument, petitioner concedes that the State of Colorado submitted sufficient rebuttal testimony of his presence in Colorado on that date to support a finding to that effect by the habeas court and to satisfy the requirements of State v. Limberg, 274 Minn. 31, 142 N. W. (2d) 563. The record compels that concession. Petitioner, however, earnestly contends that Colorado's demand for extradition itself was not in proper form and was therefore improperly recognized by the governor of Minnesota since "[n]either the Information, the warrant or the affidavit submitted by the Governor of Colorado to the Governor of Minnesota were made before a magistrate."

Section 3 of the Uniform Criminal Extradition Act (Minn. St. 629.03) provides in part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless * * * accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there * * *."

It is clear that these requirements are disjunctive and severable so that a demand is sufficient if it is accompanied by any one of the following: (1) A copy of an indictment, *or* (2) an information supported by affidavit, *or* (3) a copy of an affidavit made before a magistrate.[3] Since the demand was accompanied by an information supported by affidavit,

[3] See, State v. Limberg, 274 Minn. 31, 33, 142 N. W. (2d) 563, 565.

neither a copy of an indictment nor an affidavit made before a magistrate was required.

Petitioner, however, insists that the supporting affidavit which accompanied the information was insufficient under the act since *it* was not made before a magistrate. The act, however, does not expressly require that this affidavit be made before a magistrate. While the language of the act alone has been found sufficient to support a holding that such an affidavit need not be made before a magistrate,[4] we prefer to base our decision upon considerations of whether the procedure followed was consistent with the policy objectives of the act.

U. S. Const. art. IV, § 2, par. 2, provides:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

This clause has been interpreted as requiring that the petitioner be charged with committing a crime in the demanding state as a constitutional prerequisite to extradition. Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. ed. 1113; Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. ed. 544. Thus, the purpose of requiring that the demand be accompanied by a copy of an indictment, an information supported by an affidavit, or an affidavit before a magistrate is to assure the governors of the demanding and asylum states, and then, if a petition for habeas corpus is filed, the courts of the asylum state, that the petitioner has, with reasonable foundation in fact, been charged with committing a crime in the demanding state.[5]

---

[4] See, Ex parte Fant (Tex. Cr. App.) 400 S.W. (2d) 332; Ex parte Peairs, 162 Tex. Cr. 243, 283 S. W. (2d) 755, appeal dismissed, 350 U. S. 858, 76 S. Ct. 104, 100 L. ed. 762.

[5] Since U. S. Const. art. IV, § 2, par. 2, is not self-executing, Kentucky v. Dennison, 65 U. S. (24 How.) 66, 104, 16 L. ed. 717, 728, Congress enacted an extradition statute, 62 Stat. 822, 18 USCA, § 3182, which provides for extradition only if the demand is accompanied by "a copy of an indictment found or an affidavit made before a magistrate * * *." The Uniform Criminal Extradition Act, § 3 (Minn. St. 629.03), has added the

While an information is a type of formal charge lodged against a person accused of committing a crime, it can, as in this state,[6] be based on the accusation of a prosecutor who has no personal knowledge either that the petitioner has committed a crime or that a crime has been committed at all. Therefore, the act requires that an information be supported by an affidavit. While the act does not specify what this affidavit should contain, we believe, given the act's purposes, that the affidavit must provide the governor and courts of the asylum state with assurance that the formal charge made against the petitioner in the information is not unfounded. See, People ex rel. Moore v. Skinner, 284 App. Div. 770, 135 N. Y. S. (2d) 107; Ex parte Peairs, 162 Tex. Cr. 243, 283 S. W. (2d) 755, appeal dismissed, 350 U. S. 858, 76 S. Ct. 104, 100 L. ed. 762.

Where, as here, the information has been presented to a judge accompanied by an affidavit verifying upon the affiant's personal knowledge that the offense was committed, as was required by Colorado law, and the judge has given his permission for it to be filed, and where, as here, the petitioner was arrested in the demanding state, was arraigned before a magistrate there, and entered a plea of not guilty, it is clear that there has been sufficient judicial scrutiny of both the information and its supporting affidavit to assure the courts of the asylum state that the petitioner has, with some reasonable foundation in fact, been charged with committing a crime in the demanding state. It follows that the trial court was correct in dismissing the writ of habeas corpus and in ordering petitioner held for Colorado authorities.

Affirmed.

---

third option of using an information supported by affidavit to secure extradition, since use of an information is a constitutionally permissible way for a *state* to charge a person with committing a crime. Lem Woon v. Oregon, 229 U. S. 586, 33 S. Ct. 783, 57 L. ed. 1340. See, People ex rel. Hollander v. Britt, 195 Misc. 722, 92 N. Y. S. (2d) 662, affirmed, 276 App. Div. 815, 93 N. Y. S. (2d) 704.

[6] See, Minn. St. 628.30 and 628.33.