**No. 27768**

**John Alphonso Dulac, Jr., v.
Arnold Miller, Sheriff of Arapahoe County**

(577 P.2d 761)

Decided April 24, 1978.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Anthony M. Marquez, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This appeal concerns the sufficiency of extradition documents submitted by the State of Oregon to the Governor of the State of Colorado pursuant to section 16-19-104, C.R.S. 1973. At the hearing upon Dulac's petition for writ of habeas corpus, he contended that the extradition documents did not contain a copy of the warrant which was issued upon the Oregon indictment. The trial court discharged the writ and held that section 16-19-104 does not mandate the construction asserted by the appellant. We affirm.

Section 16-19-104 requires allegations that "the accused was present in the demanding state at the time of the commission of the crime, and that thereafter he fled from the state." The statute also requires that the allegations be accompanied by *one* of the following documents:

(1) "a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, *or*

(2) "by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, *or*

(3) "by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole." (Emphasis added.)

*See State ex rel. Brown v. Telander,* 282 Minn. 209, 163 N.W.2d 858 (1968); *Ex Parte Barker,* 465 S.W.2d 379 (Tex. Crim. 1971); *see also Salvail v. Sharkey,* 271 A.2d 814 (R.I. 1970).

The demand for extradition was accompanied by an indictment. In addition, the supporting documents, when read together, indicate clearly the charge for which appellant's extradition is sought. This satisfies the statutory requirements. *See Martello v. Baker,* 189 Colo. 195, 539 P.2d 1280 (1975).

The judgment of the trial court is affirmed.

MR. JUSTICE CARRIGAN does not participate.