## No. 79SA105

**Jackie L. Anderson v. Dan Cronin, Manager of Safety and Excise and Ex-Officio Sheriff of the City & County of Denver, and Wayne K. Patterson, Warden of the Jail of the City & County of Denver and State of Colorado**

(596 P.2d 760)

Decided June 25, 1979.                Rehearing denied July 2, 1979.

J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief Deputy, Ilene P. Buchalter, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for respondents-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The petitioner was arrested in Colorado and held for extradition to Texas. He filed a petition for habeas corpus claiming that the extradition request was defective because it did not include an authenticated copy of his prior conviction. The district court found his argument to be without merit, as do we.

■ The requisition of the Governor of Texas states that the petitioner is charged with the crime of "aggravated robbery by deadly weapon — enhanced bond forfeiture." The accompanying indictment charges the petitioner with "aggravated robbery-enhanced" and also states that he was previously convicted of burglary. It is the latter charge which petitioner claims must be authenticated by a copy of his former conviction.

The governing statute reads:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16-19-107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole." Section 16-19-104, C.R.S. 1973.

Here the indictment states two possible grounds for extradition, *viz.*, the charge of aggravated robbery and the burglary conviction. The Governor's requisition indicates, however, that the charge of aggravated robbery is the actual basis for extradition here. Consequently, the statute requires only an accompanying indictment together with any warrants issued pursuant thereto and the allegation that petitioner was in Texas when the

crime occurred and afterwards fled. These requirements have been met.

If the burglary conviction were the only basis of extradition the judgment of conviction would be necessary together with other essential statements. *Morgan v. Miller,* 197 Colo. 341, 593 P.2d 357 (1979).

■ Petitioner also contends that the indictment is defective because it does not include a statutory citation for the crime of aggravated robbery. This claim is an attempt to thwart the extradition by an insistence upon immaterial technicalities. *Martello v. Baker,* 189 Colo. 195, 539 P.2d 1280 (1975). The indictment suffices to establish probable cause to believe that petitioner committed a crime in Texas. *Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1 (1973).

We affirm the district court's order dismissing the writ.