## No. 28453

## Margey Furman v. Arnold Miller, Sheriff of Arapahoe County

(598 P.2d 1042)

Decided August 20, 1979. Opinion modified and as modified rehearing denied September 10, 1979.

Hughes, Cayatte, Macrum & Goldy, J. Michel Cayatte, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Mary J. Mullarkey, Acting Deputy, Edward G. Donovan, Solicitor General, John Daniel Dailey, Assistant Attorney General, for respondent-appellee.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

In connection with an extradition proceeding, Margey Furman (appellant) appeals the discharge of a writ of habeas corpus by the Arapahoe County District Court.

The appellant alleges that she was indicted, tried and convicted for petit larceny in Tennessee but that the conviction was reversed and the cause set for new trial. She also claims that she is legitimately free on bail and cannot return to Tennessee at this time for medical reasons.

The state of Tennessee requested extradition. The appellant contends that the documentation accompanying Tennessee's request was defective in two respects: first, a statement of the current status of the criminal action in that state was not submitted; second, the indictments were not properly authenticated. We disagree and affirm the trial court.

I.

Section 16-19-104, C.R.S. 1973, sets forth the documentation which must be received before a fugitive will be extradited from Colorado. As applied to this case, the statute required the state of Tennessee to submit a copy of the indictment and an allegation that the accused had been in the demanding state at the time of the offense and had subsequently fled from the state.

■ The indictments were submitted. We need not consider other proceedings that took place in Tennessee so long as the indictments remained valid. *See Anderson v. Cronin,* 198 Colo. 103, 596 P.2d 760 (1979). Thus, the failure of Tennessee to present a statement of the status of the prosecution is of no consequence.

■ The documentation submitted by the governor of Tennessee satisfied the remaining requirement of the statute, either by express affirmation or clear implication. Although he did not state that appellant had violated the terms of her bail, he did state that she was a fugitive from justice, and such a statement is tantamount to an allegation that she violated the terms of bail. Although a charging document must be phrased substantially in accordance with the statutory language, *White v. Leach,* 188 Colo. 62, 532 P.2d 740 (1974), minor discrepancies will not prevent extradition if the substantive statutory standards are met. *Bryan v. Conn,*

187 Colo. 275, 530 P.2d 1274 (1975).

II.

■ Appellant also contends that the copy of the indictments was not properly authenticated by the executive authority making the demand because he did not specifically attest that the officer of the court who certified the copies of the indictments was authorized to do so. Such an interpretation of section 16-19-104, C.R.S. 1973, was rejected by this court in *Rush v. Baker,* 188 Colo. 136, 533 P.2d 36 (1975). Where the requisition signed by the governor of Tennessee reflects that the indictments were authenticated and in the absence of any showing by the appellant that the documents are spurious, the requisition will be considered adequate to support an extradition order.

The judgment of the trial court is affirmed.