**James M. BRIDDLE,
Petitioner-Appellant,**

v.

**Elvin CALDWELL, Manager of Safety and Excise, and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Denver County Jail, Respondents-Appellees.**

No. 80SA374.

Supreme Court of Colorado.

May 11, 1981.

---

James M. Smith, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Litigation Section, Denver, for respondents-appellees.

ERICKSON, Justice.

James Michael Briddle has appealed the order of the district court which discharged a writ of habeas corpus in an extradition proceeding. We affirm.

The State of Texas seeks to extradite Briddle. Briddle is charged in the Harris County District Court, Texas, with capital murder. Information regarding Briddle's alleged participation in the capital murder was the product of a Denver Police investigation. Detective Brooks of the Denver Police Department testified that Pam Perillo reported the homicides to him in a telephone call in March of 1980. In a subsequent interview, she stated that she was involved in two homicides which were committed in Texas in February of 1980. After being advised of her rights, she stated that Mike (Briddle), who was also known to her as Arthur Day, and his wife, Sheila Davis, murdered two men with her help, and then took one of the victim's automobiles, and drove to Dallas. The three then came to Denver on a bus.

Detective Brooks contacted Houston law enforcement authorities who confirmed the Texas homicides, and acknowledged that there were no suspects in the case.

Perillo had given Detective Brooks the address and number of the apartment where Day and Davis were staying in Denver. She also had provided descriptions of the suspects' clothing and physical features. The suspects were arrested by the Denver police and charged as fugitives from justice. Section 16–19–103, C.R.S. 1973 (1978 Repl. Vol. 8). They identified themselves as James Michael Briddle and Linda Briddle. Requisition documents to support extradi-

tion were subsequently submitted by the Governor of Texas.

The police also recovered two items of property which, according to the Texas authorities, had been taken from the scene of the homicides. One item was a cassette recorder which Perillo and Briddle pawned in Denver. A pawn shop employee subsequently identified both Perillo and Briddle in a photographic lineup as the persons who pawned the recorder. Thereafter, a rifle, which was the other item, was recovered from a patron of a Denver bar.

The district court found that Briddle was the person named in the requisition documents and that the documents complied with all statutory requirements. Section 16–19–104, C.R.S. 1973 (1978 Repl. Vol. 8). The court discharged the writ of habeas corpus and ordered that Briddle be extradited to the State of Texas.

On appeal, Briddle asserts that the district court erred in its determination that: (1) the requisition documents were sufficient; and (2) Briddle was the person named in the requisition documents.

I.

 At the habeas corpus hearing, the requisition documents in this case included an indictment which was authenticated by the Governor of Texas, together with the allegation that Briddle was present in Texas at the time the offenses charged were committed, and that he subsequently fled from Texas. Briddle asserts that the requisition documents were insufficient as a matter of law because the affidavit produced by defense counsel at the hearing erroneously stated that the rifle was recovered from Briddle, rather than from a bar patron, and was not part of the extradition documents. In our view, the requisition documents satisfied statutory requirements. Section 16–19–104, C.R.S. 1973. *See Furman v. Miller*, 198 Colo. 282, 598 P.2d 1042 (1979); *Dulac v. Miller*, 195 Colo. 275, 577 P.2d 761 (1978).

II.

The governor's warrant, by reciting Briddle's name and stating that he is a fugitive from Texas, creates a presumption that he is the person named in the extradition documents and that he was present in Texas at the time the homicides were committed. In order to overcome the presumption, Briddle was required to show by clear and convincing evidence that he was not the person named in the governor's warrant. *Light v. Cronin*, Colo., 621 P.2d 309 (1980); *Deas v. Cronin*, 190 Colo. 177, 544 P.2d 991 (1976). The testimony at the hearing established that Briddle was the person sought by the Texas authorities.

The judgment of the district court approving extradition is affirmed.