## No. 26610

## William Bell White v. Brad Leach, Boulder County Sheriff

(532 P.2d.740)

Decided March 10, 1975.

Martin, Riggs & Henshall, P.C., Steven E. Ehrhart, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Thomas J. Tomazin, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The appellant, William Bell White, allegedly committed the crime of burglary in California. He was thereafter arrested in Boulder, Colorado, on an unrelated charge and was then held for extradition to California for the offense of burglary. After the arrival of the requisition documents, which included an information and affidavit, the governor's warrant was issued and extradition was ordered. The appellant challenged the validity of the extradition order and filed to obtain a writ of habeas corpus in the district court. The district judge discharged the writ and White appealed. We affirm.

White maintains that the order of the trial judge should be reversed on two grounds: (1) that he was not substantially charged with a crime under California law, and (2) that he was denied his constitutional right to due process.

## I.
### "Substantially Charged"

Section 16-19-104, C.R.S. 1973 (C.R.S. 1963, 60-1-3), provides: "The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state." The appellant contends that he was not substantially charged with a crime under the laws of California because he was charged pursuant to the wrong statutory provision. The alleged criminal conduct which is in issue concerns White's failure to pay a hotel bill which amounted to more than $100. The requisition papers reflect that White is charged with burglary, a felony defined in Cal. Penal Code § 459 (West 1970). White asserts that he should have been charged with defrauding an innkeeper, a misdemeanor defined in Cal. Penal Code § 537 (West 1970). In support of his position, White urges that California law requires a district attorney to charge the accused with a specific offense when the alleged conduct falls within the ambit of more than one statutorily defined crime. *People v. Fiene,* 226 Cal. App.2d 305, 37 Cal. Rptr. 925 (1964); *People v. Wood,* 161 Cal. App.2d 24, 325 P.2d 1014 (1958).

The appellant has misconstrued the statutory requirements in Colorado. The law of extradition in Colorado requires that the defendant be charged with a crime under the laws of the demanding state and does not impose the burden on the courts of the asylum state to determine whether the defendant has been correctly charged with committing a particular offense. To comply with the statutory requirement that an accused be substantially charged with an offense if he is to be extradited, the charging document must be framed substantially in the statutory language. The asylum state need only determine whether the accused is charged with an extraditable offense. Any question relating to the sufficiency of the information or the technical accuracy of the charge is left to the courts of the demanding state to resolve. *See Beliajus v. Phillips,* 170 Colo. 212, 460 P.2d 233 (1969); *Dressel*

*v. Bianco,* 168 Colo. 517, 452 P.2d 756 (1969); *Bartz v. Capra,* 161 Colo. 503, 423 P.2d 25 (1967); *Threadgill v. Capra,* 161 Colo. 453, 423 P.2d 318 (1967); *Capra v. Ballarby,* 158 Colo. 91, 405 P.2d 205 (1965). Were it otherwise, the courts of this state would be forced to embark upon an exegesis into the merits of each case and into the substantive law and pleading practices of the State of California. In addition to violating precepts of comity between the states, such an obligation would unduly burden an already strained court system. *See Drew v. Thaw,* 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302 (1914); *Pierce v. Creecy,* 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113 (1907); *Roberts v. Reilly,* 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885); *Horne v. Wilson,* 316 F.Supp. 247 (E.D. Tenn. 1970). White was charged in the requisition documents with having entered a building with the intent to commit theft in violation of Section 459 of the California Penal Code. Section 459 provides that one commits burglary by entering a building with the intent to commit grand or petit larceny or any felony. Consequently, White was substantially charged with the commission of a crime.

## II.
### Due Process

White further asserts that habeas corpus relief is in order because the extradition procedures utilized in this case deprived him of his constitutional right to due process of law. *U.S. Const.* amends. V & XIV; *Colo. Const.* art. II, § 25. White was arrested in Colorado on January 28, 1974. Thereafter, the Boulder police, using a national computer system, discovered that California had issued an arrest warrant for White and caused a fugitive complaint to issue as the first step toward extradition. Thereafter, requisition documents were issued on February 14, 1974, by the Governor of California, and White learned for the first time that the warrant for his arrest for burglary had been issued on January 29, 1974, and that the computer system contained erroneous information. Based on the requisition documents, the Governor of Colorado issued an extradition warrant on February 26, 1974.

White now challenges the legality of his detention for extradition purposes on the ground that when the fugitive complaint was issued, there was, in fact, no outstanding warrant for his arrest in California. He claims that the California warrant was not

issued until one day after he was arrested in Boulder and that extradition must be denied. We disagree.

■ After a valid governor's warrant is issued and served, illegalities and irregularities which relate to the initial arrest of the fugitive become moot. *Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148 (1974); *Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130 (1973); *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971); *McClearn v. Jones,* 162 Colo. 354, 426 P.2d 192 (1967); *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636 (1967); *Velasquez v. People,* 154 Colo. 284, 389 P.2d 849 (1964); *Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957).

The trial court properly discharged the writ of habeas corpus. Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent.

I have an abiding conviction that where the Affidavit or Information accompanying the Warrant describes acts which could not be the basis of a conviction under the law of the charging state upon the crime charged in the Information or Indictment, then the asylum state has no power to extradite. It is clear that under California law on the facts charged here, the petitioner cannot be convicted of burglary. His crime, if any, is an entirely different one.

I liken the situation to an Affidavit which states that the defendant hit someone in the nose, but the Information or Indictment is predicated upon the charge of murder. It is patently clear to me that under such circumstances this state should not extradite. I somewhat timorously suggest that the felony count here was charged even though, under California law, the petitioner here could never have been convicted of that charge as a matter of law in California in order to obtain extradition which might not be so easily requested by the Governor of California on a misdemeanor charge.