## No. 26703

### John Lloyd Rush v.
### Phil Baker, Sheriff of Arapahoe County
(533 P.2d 36)

Decided March 24, 1975.

John Lloyd Rush, pro se.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, J. Stephen Phillips, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an appeal from the district court's order discharging a writ of habeas corpus. John Lloyd Rush, through habeas corpus proceedings, sought to avoid extradition to the State of Arizona. Rush was charged in Arizona with two felony counts of unlawfully issuing bogus checks with intent to defraud. The trial judge, at the time he discharged the writ of habeas corpus, had before him the grand jury indictment from Arizona, the arrest warrant, a notarized application for requisition, a demand for extradition by the Governor of Arizona, and the Colorado Governor's warrant. We affirm.

Rush attempts to defeat extradition on the basis that he is detained for the purpose of extradition solely because he failed to pay a personal debt. Detention for nonpayment of a civil debt is contrary to the Colorado Constitution. *Colo. Const.* Art. II, Sec. 12.

It is well established in Colorado, and Rush concedes, that Colorado courts cannot determine his guilt or innocence under the laws of Arizona in resolving the extradition issue. Rush, how-

ever, asserts that his detention in Colorado is unconstitutional as a matter of Colorado law and for that reason he should be granted relief in a habeas corpus proceeding.

The briefs filed by the Public Defender ably advance Rush's position. However, if we were to adopt the premise asserted by Rush, we would be compelled to reverse sound case law and to ignore the Uniform Criminal Extradition Act. Section 16-19-121, C.R.S. 1973, provides:

*"When guilt inquired into.* The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceedings after the demand for extradition accompanied by a charge of crime in legal form has been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

In *Wilkerson v. Vogt,* 167 Colo. 109, 445 P.2d 715 (1968), we considered and disposed of the argument made by Rush and held that extradition cannot be defeated by contending that the transaction which gave rise to the criminal charges in the demanding state was not fraudulent and that criminal processes have been activated to effectuate collection of a civil debt. *Accord, White v. Leach,* 188 Colo. 62, 532 P.2d 740; *Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1 (1973); *Osborne v. Van Cleave,* 173 Colo. 26, 475 P.2d 625 (1970); *North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969); *Holmes v. People,* 169 Colo. 371, 456 P.2d 731 (1969); *Fox v. People,* 161 Colo. 163, 420 P.2d 412 (1966); *Self v. People,* 133 Colo. 524, 297 P.2d 887 (1956).

In the interests of comity and speedy resolution of extradition matters, the inquiry by the courts of Colorado, the asylum state, in a habeas corpus proceeding, is severely restricted, and Rush is left to pursue his remedies in the courts of Arizona, the demanding state. *White v. Leach, supra; Bryan v. Conn,* 187 Colo. 275, 530 P.2d 1274 (1975); *Denton v. Cronin,* 187 Colo. 247, 529 P.2d 644 (1974); *Holmes v. People, supra.* Therefore, the trial court correctly declined to determine the actual cause of Rush's incarceration.

As a subsidiary matter, Rush maintains that the trial court erred by discharging the writ because the indictment which was included among the requisition documents was not properly au-

thenticated under the requirements of the Uniform Criminal Extradition Act. Section 16-19-104, C.R.S. 1973, provides that "the copy of indictment . . . must be authenticated by the executive authority making the demand." However, the requisition signed by the Governor of Arizona clearly reflects that the indictment was authenticated, and in the absence of any showing by Rush that the authenticated documents are spurious, the requisition must be considered to be adequate and sufficient to support an extradition order. *Bryan v. Conn, supra; People v. Jackson,* 180 Colo. 135, 502 P.2d 1106 (1972); *Burnette v. McClearn,* 162 Colo. 503, 427 P.2d 331 (1967); *Tinsley v. Woods,* 135 Colo. 590, 313 P.2d 1006 (1957); *Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957).

Accordingly, the trial court properly discharged the writ, and we, therefore, affirm.

MR. CHIEF JUSTICE PRINGLE does not participate.