**No. 27200**

**Kenneth Elmo Reese v. Warden and Keeper of the County Jail, Jefferson County, State of Colorado**

(561 P.2d 339)

Decided March 21, 1977.

R. Douglas Buckles, Robert M. Petrusak, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

This appeal was filed after a hearing on a writ of habeas corpus resulted in an order directing that Kenneth Elmo Reese be extradited to Michigan. We affirm.

The Michigan extradition documents establish that Reese pled guilty to the crime of possession of LSD and was sentenced to serve one year in the county jail. He escaped from the Berrien County jail and fled to Colorado. He was arrested, waived extradition, and later secured counsel and filed a petition for habeas corpus.

The petition for a writ of habeas corpus was directed at the events which culminated in the waiver of extradition. The validity of the governor's warrant and extradition documents was not challenged in the petition for habeas corpus. Moreover, counsel for the petitioner was given an opportunity to amend the petition to raise additional issues and elected not to file an amended petition. Since the issues before the trial court, as defined by the petition, did not properly challenge the sufficieny of the demand for extradition or the sufficiency of the documents supporting extradition, the writ was properly discharged. *Tucker v. Shoemaker*, 190 Colo. 267, 546 P.2d 951 (1976).

Once a valid governor's warrant has been issued and served, questions relating to the illegality or irregularity of the arrest or initial detention become moot. *White v. Leach*, 188 Colo. 62, 532 P.2d 740 (1975); *Norrod v. Bower*, 187 Colo. 421, 532 P.2d 330 (1975). In any event, a review of the extradition documents in this case establishes compliance with section 16-19-104, C.R.S. 1973.

The remaining issues raised by the petitioner are without merit.

Accordingly, we affirm.

MR. JUSTICE HODGES, MR. JUSTICE GROVES, and MR. JUSTICE CARRIGAN concur.