No. 27628

**William W. Lomax v. Dan Cronin, Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the City and County of Denver, and State of Colorado**

(575 P.2d 1285)

Decided February 6, 1978.                    Rehearing denied April 3, 1978.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, Margaret O. Tevis, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Lynne Ford, Assistant, for respondents-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The appellant, William W. Lomax, appeals the discharge of his petition for a writ of habeas corpus, which attacked the sufficiency of the extradition documents submitted to the Governor of Colorado by the State of Kentucky pursuant to section 16-19-104, C.R.S. 1973. We affirm.

First, the appellant contends that the trial court improperly refused to consider the issue raised by his offer of proof tendered to show that his return to Kentucky would endanger his life, because he had witnessed a homicide by a police officer in that state. The trial court based its discharge of the writ on the grounds that consideration of such an issue was not proper in a habeas corpus hearing. Section 16-19-111, C.R.S. 1973. The trial court's ruling was correct.

In *Rush v. Baker*, 188 Colo. 136, 533 P.2d 36 (1975), we held that the interests of comity and speedy resolution of extradition matters severely restrict the asylum state's inquiry into the facts surrounding a habeas corpus petition. The scope of inquiry in a habeas corpus proceeding in the context of a request under the Uniform Criminal Extradition Act,[1] is narrowly limited to the issues of (1) the technical sufficiency of the

---

[1]Section 16-19-101, *et seq.*, C.R.S. 1973 (1976 Supp.).

extradition papers; (2) identification of the accused; (3) whether the accused is charged with a crime; and (4) whether the accused is a fugitive from justice. *Eathorne v. Nelson,* 180 Colo. 288, 505 P.2d 1 (1973); *Petition of Harwell,* 180 Colo. 144, 503 P.2d 618 (1972); *Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971).

■ The courts of the asylum state may not properly consider allegations that the fugitive's life would be endangered by return to the demanding state. *See, e.g., State v. Devine,* 342 So.2d 103 (Fla. App. 1977). The accused, in respect to this matter, must pursue his remedies in the demanding state or with the executive of the asylum state. *See* sections 16-19-105 and 122, C.R.S. 1973; *see also Sweeney v. Woodall,* 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114 (1952); *Denton v. Cronin,* 187 Colo. 247, 529 P.2d 644 (1974).

■ Second, the appellant contends that a discrepancy as to dates between the Kentucky indictment and the fugitive complaint is fatal. The indictment charged the appellant with the commission of a crime "on or about the 22nd day of July, 1976." The complaint states that the appellant was charged in an indictment alleging the commission of a crime on or about the 23rd day of July, 1976. Although the evidence was in dispute as to the appellant's whereabouts on July 22, he admitted being in Kentucky on July 23, 1976. The trial judge denied the habeas corpus petition on the grounds that the appellant had not met his burden of proving that he was not in Kentucky on either the 22nd or the 23rd of July, 1976.

■ An accused who seeks to invalidate an extradition must overcome the presumption of validity afforded by the governor's warrant by clear and convincing evidence. The petitioner has failed to do so in this case. *See Van Cleave v. Osborne,* 173 Colo. 26, 475 P.2d 625 (1970), and cases cited therein.

The judgment is affirmed.