## No. 27895

**James Renton v. Dan Cronin, Manager of Safety and Ex-Officio Sheriff, City and County of Denver, State of Colorado**

(582 P.2d 677)

Decided July 17, 1978. Opinion modified and as modified rehearing denied August 21, 1978.

John A. Purvis, Acting State Public Defender, Craig L. Truman, Chief Deputy, Margaret L. O'Leary (Formerly Margaret O. Tevis), Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Anthony M. Marquez, Assistant, Appellate Section, for respondent-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The State of Arkansas is seeking to extradite appellant James Renton to answer a charge of capital felony murder. The trial court denied the appellant's petition for writ of habias corpus which challenged the sufficiency of the requisition papers. We affirm the judgment.

Appellant first contends that the requisition documents do not establish probable cause to believe that he was the person who committed the crime. The documents seek to extradite a person known as "James Ray Renton a/k/a Jimmy Lee Ford." Appellant admits that the affidavit supports a finding of probable cause that a crime was committed, but, he argues, it does not support a finding of probable cause that he, James Renton, committed the crime. Otherwise stated, appellant argues that the affidavit shows probable cause that a Jimmy Lee Ford committed the offense, but does not demonstrate that appellant is Jimmy Lee Ford.

We do not agree. Section 16-19-104, C.R.S. 1973, clearly requires that an information charging an offense be accompanied by an affidavit which must "substantially charge the person demanded with having committed a crime under the law of that state." Under our numerous decisions, this requires that the affidavit set forth facts which justify a Fourth Amendment finding of probable cause that the person demanded committed the crime charged. *Allen v. Cronin,* 189 Colo. 540, 543 P.2d 707; *Pippin v. Leach,* 188 Colo. 385, 534 P.2d 1193. In our view, the affidavit in the present case contains sufficient facts to support a probable cause finding that appellant is the Jimmy Lee Ford named in the information. First, a questioned documents examiner, identified in the affidavit, compared the known handwriting of appellant with that of Jimmy Lee Ford and found it to be identical. Second, witnesses identified appellant as being in the suspect vehicle in the immediate area of the abduction and murder a few hours before the commission of the crime; and a named witness chose appellant out of a photographic array as the person he saw in the area within twelve hours before the crimes occurred.

Appellant's second contention is that the district attorney's delay in perfecting the extradition papers and in seeking a continuance deprived the trial court of jurisdiction of the case. Again, we do not agree. Once the

warrant of the Governor of Colorado has been issued and served, questions relating to the regularity of the initial detention become moot. *Reese v. Warden & Keeper of County Jail,* 193 Colo. 7, 561 P.2d 339; *Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.