## No. 28138

**Jeffrey Miller v. Dan Cronin, Manager of Safety and Excise, and Ex-Officio Sheriff of the City and County of Denver and Wayne K. Patterson, Warden of the Jail of the City and County of Denver**

(593 P.2d 706)

Decided April 23, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Thomas M. Van Cleave III, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, John Daniel Dailey, Assistant, for respondents-appellees.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The petitioner Miller appeals from the trial court's denial of his petition for a writ of habeas corpus. He challenges the sufficiency of the state of Louisiana's request for his extradition. We affirm the trial court's judgment.

The petitioner's only contention is that the requisition documents fail to contain "a copy of the judgment of conviction or sentence imposed in execution thereof," as required by section 16-19-104, C.R.S. 1973.

While the state of Louisiana did not include with its demand a written document signed by a judge indicating the petitioner's plea and resulting judgment and sentence, it did forward certified copies of the minutes of proceedings held in the First Judicial District Court of Louisiana on September 2 and September 9, 1977. Those minutes set forth that the petitioner entered a plea of guilty to the charge of obtaining a controlled dangerous substance by fraud, that the court imposed a suspended sentence of five years, and then placed the petitioner on probation for three years.

The specific issue of whether minute orders suffice in extradition proceedings as either a "judgment of conviction" or "sentence" has not been addressed previously by this court. However, in *Burnette v. McClearn,* 162 Colo. 503, 427 P.2d 331 (1967), we held that a document need not be signed by a judge in order to constitute a copy of a judgment or sentence. Those jurisdictions which have addressed the issue have held that a certified copy of the minute entry of the plea or guilty verdict and sentence is tantamount to a copy of the judgment. *See Smedley v. Holt,* 541 P.2d 17 (Alaska 1975); *State v. Smith,* 6 Ariz. App. 393, 433 P.2d 44 (1967); *Anderson v. State of Arizona,* 54 Ariz. 387, 96 P.2d 281 (1939); and *In re Steiner,* 134 Cal. App.2d 391, 285 P.2d 972 (1955).

We hold that the certified copies of the minute orders included in the requisition documents constitute a sufficient and reliable record of the disposition imposed upon the petitioner by the state of Louisiana. Accordingly, we hold that pursuant to section 16-19-104, C.R.S. 1973, the minute orders qualify as a "copy of a judgment of conviction or sentence."

The judgment is affirmed.

MR. JUSTICE PRINGLE does not participate.