No. 79SA77

**William Whittington, Jr. v. Harold Bray, Sheriff of Jefferson County, Colorado**
## No. 79SA130
**Stephen Edwin Ebelt a/k/a Stephen Vance Parker v. Robert Farris, Sheriff of Summit County, Colorado**

(612 P.2d 72)

Decided May 19, 1980.    Rehearings denied June 9, 1980 on 79SA77 and June 23, 1980 on 79SA130.

J. Gregory Walta, State Public Defender, Michael Heher, Deputy, for petitioners-appellants.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Anthony Marquez, Assistant Attorney General, Litigation Section, for respondents-appellees.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

Appellants William Whittington, Jr. and Stephen Edwin Ebelt contest their extraditions to Maryland and Michigan, respectively, on the basis that the Governor of Colorado did not review personally the requisition documents before issuing Governor's Warrants for extradition. In addition, each appellant raises individual issues. These appeals, which have been consolidated, are from orders of the district courts discharging the writs of habeas corpus. We affirm the orders in both cases.

Whittington challenges the sufficiency of the requisition documents as well as the Governor's review of the documents. Neither alleged insufficiency was brought before the trial court. Generally, an appellant must raise the insufficiency of the warrant in the trial court where an opportunity for correction is available. *Fox v. People,* 161 Colo. 163, 420 P.2d 412 (1966); *Self v. People,* 133 Colo. 524, 297 P.2d 887 (1956). In

any event, a review of Whittington's extradition documents establishes compliance with section 16-19-104, C.R.S. 1973 (now in 1978 Repl. Vol. 8). *Miller v. Cronin,* 197 Colo. 391, 593 P.2d 706 (1979).

In the district court proceedings, Ebelt challenged his identification and questioned the court's jurisdiction, but he did not challenge the adequacy of the Governor's personal involvement in the issuance of the Governor's Warrant. Both appellants requested that we remand their cases to the district court to take evidence about the procedures for issuing a warrant. We denied their requests.

The appellants maintain that they had no reason to question the Governor's procedures until the Attorney General's answer brief was filed in *Massey v. Wilson,* 199 Colo. 121, 605 P.2d 469 (1980), on May 14, 1979, admitting that the Governor has delegated the authority to review extradition papers and to issue warrants to an extradition secretary and assistant attorneys general who aid the Governor's office in extradition matters. The date of Whittington's habeas corpus hearing was January 16, 1979, and Ebelt's, February 21, 1979. Therefore, we have no indication in the records here whether the Governor personally reviewed the requisition papers or personally signed the warrants. Had this matter been raised before the trial court, such testimony could have been supplied and any necessary corrections made. *Fox v. People, supra; Self v. People, supra.*

We note that the Uniform Criminal Extradition Act defines "Governor" to include "any person performing the functions of governor by authority of the law of this state." Sections 16-19-102(2), C.R.S. 1973 (now in 1978 Repl. Vol. 8). Federal Law refers only to the "executive authority" of the asylum state. 18 U.S.C. § 3182 (1976). Neither the state nor federal law forbids delegation of the Governor's executive authority to employees in his office and assistant attorneys general.

In addition, it would not be proper for the judiciary to tell the Governor how to delegate his authority in extradition matters. The general rule is that "district courts do not have jurisdiction to interfere with the executive branch of the government in the performance of its statutory duties." *Moore v. District Court,* 184 Colo. 63, 68, 518 P.2d 948, 951 (1974).

Appellant Eblet alleged that the requisition papers from Michigan failed to establish his identity in the trial court. He maintains that his name is not Stephen Edward Ebelt, but Stephen Vance Parker, and that he signed Stephen Edward Ebelt at the insistence of law enforcement officials. He also challenges the fingerprint comparison and description of Ebelt sent by the Michigan State Prison. The trial court heard Ebelt's testimony and evidence that when arrested, Ebelt listed his address as "17 Mile Road in Cedar Springs, Michigan." The same address was listed in the Michigan State Escape Notice for Stephen Ebelt. The trial court found the evidence sufficient to establish Ebelt's identity, and we see no

reason to disturb that ruling. *Ramos v. Bower,* 198 Colo. 473, 602 P.2d 4 (1979); *Lomax v. Cronin,* 194 Colo. 523, 575 P.2d 1285 (1978).

Ebelt also challenges the jurisdiction of the trial court because he was held in the Summit County Jail longer than thirty days waiting issuance of the Governor's Warrant. Section 16-19-116, C.RS. 1973 (now in 1978 Repl. Vol. 8), provides:

"If from the examination before the judge it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under section 16-19-107 [extradition of persons not present where crime committed], that he has fled from justice, the judge shall, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding thirty days and as specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused gives bail as provided in section 16-19-117, or until he is legally discharged."

Ebelt was arrested in Summit County on December 28, 1978. On February 5, 1979, the district attorney moved the court for a thirty-day extension in which to file the Governor's Warrant. The court granted the extension, and the Governor's Warrant issued on February 8, 1979. On February 13, 1979, the trial court granted the appellant leave to file a petition for writ of habeas corpus; the petition was filed on February 15, 1979.

Although the appellant was held in jail thirty-nine days before a continuance was requested, the court did have the authority to grant the continuance under section 16-19-118, C.R.S. 1973 (now in 1978 Repl. Vol. 8), which provides:

"If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge of a district court may discharge him or may recommit him for a further period not to exceed sixty days. . . ."

The extension granted was within the court's discretion, and the appellant was not prejudiced by the detention. *Norrod v. Bower,* 187 Colo. 421, 532 P.2d 330 (1975).

Moreover, the question of unlawful detention is moot. The Governor's Warrant issued on February 9, 1979. Appellant did not seek permission to file his writ of habeas corpus until February 13, 1979. Once a valid Governor's Warrant is issued, illegalities and irregularities relating to the detention of the fugitive are moot. *Renton v. Cronin,* 196 Colo. 109, 582 P.2d 677 (1978); *Reese v. Warden and Keeper of the County Jail, Jefferson County,* 193 Colo. 7, 561 P.2d 339 (1977); *Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148 (1974).

The judgments are affirmed.

JUSTICE LOHR specially concurs.

JUSTICE LOHR concurring:
I concur in affirming the judgments of the trial courts. However, the question of the nature and extent of the duties imposed upon the Governor of the State of Colorado to participate in the review of requisition documents and in the issuance of Governor's warrants was not raised in the trial courts. I would not reach that question. *See Morse v.People,* 168 Colo. 494, 452 P.2d 3 (1969).