**Manuel E. LOVATO,
Petitioner–Appellant,**

v.

**Bert JOHNSON, Sheriff of Adams County, Respondent–Appellee.**

No. 79SA479.

Supreme Court of Colorado,
En Banc.

Oct. 20, 1980.

---

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for petitioner–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for respondent–appellee.

ROVIRA, Justice.

The appellant, Manuel E. Lovato, challenged the sufficiency of an extradition request from the state of Utah by a petition for writ of habeas corpus. The district court issued the writ and, after a hearing, discharged the writ. We affirm.

Two issues have been raised in this appeal: (1) whether under Utah law a "magistrate" determined that probable cause existed to charge the appellant with theft and (2) whether the requisition documents substantially charge the appellant with having committed a crime under the law of Utah. *See* section 16–19–104, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

Appellant argues that the district court did not take proper judicial notice that the "circuit judge," before whom an affidavit was sworn alleging facts which support the underlying criminal complaint in this extradition, was in fact a "magistrate" under the laws of the state of Utah. However, judicial notice may be taken at any stage of a proceeding, whether in the trial court or on appeal. C.R.E. 201(f); *see* *McCormick, Law of Evidence*, §§ 330 and 333 (2d ed. 1972). Judges of the Utah circuit courts are specifically enumerated among the state's "magistrates" in section 77–10–5(3), Utah Code Ann. (1978 Repl. Vol. 8C). We take notice of their status here.

The purpose of extradition proceedings is to prevent an accused person from being wrongfully rendered to the demanding state for trial. *Smith v. Miller*, 194 Colo. 218, 571 P.2d 1084 (1977). For the first time in this present appeal, the appellant argues that the complaint charging him with theft in Utah is defective on its face under section 77–11–1, Utah Code Ann. (1978 Repl. Vol. 8C), because of its failure to describe what specific acts he did to commit a theft and what property he allegedly stole. But this same provision of the Utah statutes specifies that "public offenses triable upon information, indictment or accusation ... shall conform to and be governed by" other statutory procedures. Because an accusation of theft is triable by information or indictment, the pleadings in this case would appear to be sufficient. They substantially charge an offense in lan-

guage that gives the court and the defendant notice of what offense is intended to be charged. Sections 77–21–1 and 77–21–8(1)(b) and (2), Utah Code Ann. (1978 Repl. Vol. 8C). Nevertheless, we need not resolve this issue here.

In an extradition proceeding and in its habeas corpus review, questions relating to the sufficiency of an information or the technical accuracy of a charge are left to the courts of the demanding state to resolve. *White v. Leach*, 188 Colo. 62, 532 P.2d 740 (1975); *Beliajus v. Phillips*, 170 Colo. 212, 460 P.2d 233 (1969); *see Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). No injustice is done to the appellant by our refusal to conduct a review of the substantive law and pleading practice of the state of Utah. *White v. Leach, supra.* Moreover, except in cases involving plain or fundamental error, an appellate court will not pass upon issues which have not been presented for determination in the trial court. *Dorador v. Cronin*, Colo., 605 P.2d 53 (1980). The trial court properly discharged the writ of habeas corpus.

Judgment affirmed.