**Clifford JOHNSON, Petitioner-Appellant,**

v.

**Eugene KIEFER, Sheriff of the County of Clear Creek, State of Colorado, Respondent-Appellee.**

No. 80SA239.

Supreme Court of Colorado.

March 9, 1981.

Richard L. Garnett, Idaho Springs, for petitioner-appellant.

John F. Healy, Dist. Atty., W. Terry Ruckriegle, Asst. Dist. Atty., Georgetown, for respondent-appellee.

ROVIRA, Justice.

The appellant, Clifford Johnson, appeals the discharge of his petition for a writ of habeas corpus, which attacked the sufficiency of the extradition documents submitted to the Governor of Colorado by the State of Massachusetts, pursuant to section 16–19–104, C.R.S.1973 (1978 Repl. Vol. 8). We affirm.

Johnson has been held in this state's custody pending extradition to Massachusetts to face charges of larceny in excess of $100. The only argument he raises in his appeal is that Massachusetts' extradition demand is fatally defective because two supporting affidavits made before a Massachusetts magistrate are inconsistent with one another, creating "confusion" about the validity of the underlying charge. In one affidavit, it is mentioned that he has been charged "by complaint." In the other, a reference is made in one of its pre-printed sections that he has been charged "by indictment." Each affidavit attests that appellant is charged with larceny exceeding $100, that he was a resident of Massachusetts when this crime was committed, and that he fled from the jurisdiction as a fugitive from justice. A third affidavit sets out at length the underlying facts which establish probable cause that appellant committed the crime charged. An arrest warrant accompanied the affidavits, but no indictment was filed with the extradition demand.

The statutory requirement for supporting documents in a foreign state's form of demand is stated in the alternative in section 16–19–104, C.R.S.1973 (1978 Repl. Vol. 8):

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging ... that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled

from the state, and accompanied by a copy of an indictment found *or* by information supported by affidavit in the state having jurisdiction of the crime, *or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, or* by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. . . . (Emphasis added.)

Under a literal interpretation of this language, the extradition demand in this case was sufficient. If any one basis for extradition is adequately set forth as required by this statute, the form of the demand meets the statutory test. *See Norrod v. Bower*, 187 Colo. 421, 532 P.2d 330 (1975).

■ Our reading of the documents as a whole convinces us that they do not significantly contradict one another, but rather that they substantially charge the appellant with having committed a crime under the law of Massachusetts. The appellant has failed to advance even a colorable argument that the inconsistency between two of the affidavits creates more than a minimal "confusion" in a reader's understanding of the factual basis for the extradition. Appellant clearly has not overcome the presumption of validity afforded the governor's warrant. *See Lomax v. Cronin*, 194 Colo. 523, 575 P.2d 1285 (1978).

Judgment affirmed.