**Roy GERARD, Petitioner,**

**v.**

**Thomas W. OSSOLA, District Judge, Ninth Judicial District, State of Colorado, Respondent.**

**No. 82SA218.**

Supreme Court of Colorado,
En Banc.

Aug. 30, 1982.

J. Gregory Walta, Colorado State Public Defender, Denver, Sam Shaw, Deputy State Public Defender, Glenwood Springs, for petitioner.

Milton K. Blakey, Dist. Atty., Ninth Judicial Dist., Keith Cross, Asst. Dist. Atty., Glenwood Springs, for respondent.

ERICKSON, Justice.

In an original proceeding pursuant to C.A.R. 21, the petitioner sought a rule to show cause why the extradition charges against him should not be dismissed and why he should not be released from custody. He alleged that he was denied a speedy resolution of Utah's demand for extradition as a result of two continuances of the extradition hearing in the Garfield County District Court. We issued a rule to show cause and now discharge the rule.

On January 27, 1982, Roy Gerard was arrested in Garfield County, Colorado, on the basis of allegations from the sheriff's department of Rich County, Utah, that he was a fugitive wanted on charges of burglary and theft in Utah. On March 8, 1982, the Colorado Governor's warrant and supporting documentation from Utah were filed with the Garfield County District Court. Thereafter, Gerard filed a writ of

habeas corpus alleging that the demand for extradition was insufficient because the documents did not substantially charge him with committing a crime and failed to establish probable cause that he committed the crimes charged. On March 15, the district court granted habeas corpus pending the outcome of a hearing.

At a hearing on April 12, 1982, the court found that the affidavit submitted by Utah was replete with conclusions of criminal conduct without the necessary supporting facts and, accordingly, concluded that the documents in support of Utah's demand for extradition failed to establish probable cause. The proceedings were continued until May 4, 1982, to provide Utah with fifteen days to file supplemental affidavits establishing probable cause. On May 4, Utah was granted a second continuance for two days based upon a letter from the district attorney of Rich County, Utah, indicating that the required supplemental affidavits would soon arrive in Garfield County. After receiving the supporting affidavits, the district court ruled that the governor's warrant was sufficient and discharged the writ of habeas corpus. Gerard thereafter applied for and received a stay of execution pending the outcome of this original proceeding.

■ Gerard contends that he was denied a speedy resolution of Utah's demand for his extradition as a result of the two continuances of the extradition hearing. He claims that he was incarcerated over ninety days, in violation of sections 16–19–116 and 118, C.R.S.1973 (1978 Repl.Vol. 8), and that he should therefore be released from custody. Sections 16–19–116 and 118 provide:

"Commitment to await requisition-bail. If from the examination before the judge it appears that the person held is the person charged with having committed the crime alleged . . ., the judge shall, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding thirty days. . . ."

\*　\*　\*　\*　\*　\*

"Extension of time. If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge of a district court may discharge him or may recommit him for a further period not to exceed sixty days, or a judge of a district court may again take bail for his appearance and surrender. . . ."

We disagree with Gerard's contentions. Once a valid governor's warrant is issued, any alleged irregularities relating to the detention of the fugitive become moot. *Michaels v. Caldwell*, 646 P.2d 899 (Colo.1982); *Whittington v. Bray*, Colo., 612 P.2d 72 (1980); *Renton v. Cronin*, 196 Colo. 109, 582 P.2d 677 (1978); *Reese v. Warden*, 193 Colo. 7, 561 P.2d 339 (1977); *Crumrine v. Erickson*, 186 Colo. 139, 526 P.2d 148 (1974). In our view, the governor's warrant was valid at the time it was issued on March 8, 1982, and Gerard's allegations that sections 16–19–116 and 118 were violated are therefore moot.

■ Although section 16–19–104, C.R.S. 1973 (1978 Repl.Vol. 8), provides in part that the Governor of Colorado shall not recognize a demand for extradition unless the request is accompanied "by information supported by affidavit," a court of an asylum state is without power to review the determination of probable cause by the demanding state:

"A determination of probable cause by a neutral judicial officer of the demanding state, properly acted upon by the governor of the asylum state, is binding on the courts of the asylum state."

*Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). *See also Allen v. Leach*, 626 P.2d 1141, 1143 (Colo.1981); *Lovato v. Johnson*, 617 P.2d 1203 (Colo. 1981); *Moore v. Miller*, 198 Colo. 24, 596 P.2d 64 (1979).

■ Here, a neutral judge in Utah reviewed the sufficiency of the extradition documents and it was therefore improper for the district court in Garfield County to scrutinize the documents to determine whether they established probable cause. Once the governor has granted extradition, a court considering habeas corpus relief is limited to deciding whether: (1) the extradition documents on their face are in order; (2) the petitioner has been charged with a

crime in the demanding state; (3) the petitioner is the person named in the request for extradition; and (4) the petitioner is a fugitive. *Michigan v. Doran, supra.* *See also Steinman v. Caldwell*, 628 P.2d 110 (Colo.1981); *Lomax v. Cronin*, 194 Colo. 523, 575 P.2d 1285 (1978); *Rush v. Baker*, 188 Colo. 136, 533 P.2d 36 (1975). Here, the extradition documents contained sufficient information to satisfy these requirements.

Moreover, no injustice is done to Gerard by limiting the district court's scope of review in this case. The proper forum for challenging the sufficiency of warrants and affidavits is in the demanding state. In extradition proceedings, questions relating to the sufficiency of an information or the technical accuracy of a charge are best left to the courts of the demanding state to resolve. *See Lovato v. Johnson, supra; White v. Leach*, 188 Colo. 62, 532 P.2d 740 (1975); *Beliajus v. Phillips*, 170 Colo. 212, 460 P.2d 233 (1969). The petitioner must therefore pursue his remedies in the demanding state or with the governor in the asylum state. *See Lomax v. Cronin*, 194 Colo. 523, 575 P.2d 1285 (1978).

Accordingly, we discharge the rule to show cause.

LEE, J., does not participate.