Donald CASLER, Petitioner-Appellant,

v.

Ed NELSON, Sheriff of Arapahoe County, State of Colorado, Respondent-Appellee.

No. 82SA262.

Supreme Court of Colorado, En Banc.

April 18, 1983.

J. Gregory Walta, Colorado State Public Defender, Saskia A. Stephenson, Deputy State Public Defender, Littleton, for petitioner-appellant.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick,

Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for respondent-appellee.

DUBOFSKY, Justice.

The petitioner-appellant, Donald Casler, appeals the Arapahoe County district court's discharge of his petition for a writ of habeas corpus. The district court discharged the writ because the warrant and supporting documents substantially charged the petitioner with violation of his parole in Florida. On appeal, the petitioner claims that extradition should be denied because he was detained for longer than 30 days after his arrest, in violation of section 16–19–116, C.R.S. 1973 (1978 Repl.Vol. 8).[1] We affirm the district court's discharge of the petition.

The petitioner was arrested in Arapahoe County on December 21, 1981, on the ground that he had violated his parole in Florida. He appeared in court on January 25, 1982, 35 days later. Colorado authorities served the petitioner with the Colorado governor's warrant on March 21, 1982. The petitioner filed a petition seeking a writ of habeas corpus on March 24, 1982. The district court discharged the writ on April 2, 1982.

The petitioner contends on appeal that his detention contravenes the mandate of section 16–19–116 that a fugitive awaiting requisition documents be committed to the county jail "for such a time not exceeding thirty days." It is well settled that issues relating to the detention of a fugitive are rendered moot once a valid governor's warrant is issued. *Schumm v. Nelson,* 659 P.2d 1389 (Colo.1983); *Morris v. Nelson,* 659 P.2d 1386 (Colo.1983); *Michaels v. Caldwell,* 646 P.2d 899 (Colo.1982); *Whittington v. Bray,* 200 Colo. 17, 612 P.2d 72 (1980). Thus, the petitioner's argument is without merit.

Judgment affirmed.

---

1. Section 16–19–116 provides:

"If from the examination before the judge it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under section 16–19–107, that he has fled from justice, the judge shall, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding thirty days and as specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused gives bail as provided in section 16–19–117, or until he is legally discharged."