John C. ALLIEY, Petitioner-Appellant,

v.

Richard D. LAMM, Governor of the State of Colorado and J.D. MacFarlane, Manager of Safety, Respondents-Appellees.

No. 85SA137.

Supreme Court of Colorado,
En Banc.

Jan. 13, 1986.

David F. Vela, State Public Defender, Philip A. Cherner, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondents-appellees.

QUINN, Chief Justice.

The appellant, John C. Alliey, appeals from a judgment ordering his extradition to the state of New Mexico. We affirm the judgment.

On November 15, 1984, Alliey was charged in the Denver District Court with being a fugitive from the state of New Mexico where he was charged with criminal sexual assault. Alliey was arrested on November 16, 1984, on a fugitive warrant and thereafter appeared in the district court on November 20. The court continued the case until December 18 to await the requisition documents from the state of New Mexico and the issuance and execution of the Colorado governor's warrant. Because as of December 18 the requisition documents had not yet arrived, the court granted the district attorney's request for a continuance until February 1, 1985, and later continued the case for an additional two weeks until February 15.

On February 13, 1985, the requisition documents were duly filed with the court, and Alliey was served with the Colorado governor's warrant. Alliey contested his extradition by filing a petition for a writ of habeas corpus, alleging that the New Mexico requisition documents did not substantially charge him with having committed a crime in that state and that he was not present in New Mexico when the crime charged against him was allegedly committed. On February 28, 1985 the district court conducted a hearing on Alliey's petition and ordered his extradition. The court expressly found that Alliey was substantially charged with sexual crimes in the state of New Mexico, that he was present in that state at the time of the alleged commission of the offenses, and that the

requisition documents complied with the statutory requirements of the Uniform Criminal Extradition Act, §§ 16–19–101 to –133, 8 C.R.S. (1978 & 1985 Supp.).

■ Alliey initially contends that it was improper for the court to grant a continuance on December 18, 1984, because section 16–19–116, 8 C.R.S. (1978), authorizes a commitment for a maximum of thirty days and that thirty-two days had actually passed between his arrest on November 16 and the entry of the order of continuance on December 18. This issue has already been decided adversely to Alliey in *Whittington v. Bray*, 200 Colo. 17, 20, 612 P.2d 72, 74 (1980), where we stated:

> Although the appellant was held in jail thirty-nine days before a continuance was requested, the court did have the authority to grant the continuance under section 16–19–118, C.R.S. 1973 (now in 1978 Repl. Vol. 8), which provides:
>
> "If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge of a district court may discharge him or may recommit him for a further period not to exceed sixty days...."
>
> The extension granted was within the court's discretion, and the appellant was not prejudiced by the detention.

■ Alliey next argues that the district court abused its discretion in continuing the extradition proceeding on various occasions because the district attorney's requests for continuances were not supported by any showing of good cause. We find no merit in this argument. Section 16–19–118, 8 C.R.S. (1978), reposes discretion in the court to extend the initial thirty day commitment for an additional sixty days if the person accused of being a fugitive has not yet been arrested under the governor's warrant. The only requirement for the continuance authorized by section 16–19–118 is that more time is needed for the issuance and execution of the governor's warrant. *See Whittington*, 200 Colo. at 20, 612 P.2d at 74; *Norrod v. Bower*, 187

Colo. 421, 424, 532 P.2d 330, 332 (1975). That requirement was clearly satisfied in this case.

■ Alliey's last argument is that he should have been discharged from custody because the governor's warrant was not filed with the court until ninety-one days after his arrest on November 16, 1984. This argument is also devoid of merit. Alliey was arrested under the Colorado governor's warrant on February 13, 1985, and the New Mexico requisition documents were filed with the court on that same day. The execution of the Colorado governor's warrant thus occurred on the eighty-ninth day following Alliey's initial arrest on November 16, 1984. Moreover, we have previously noted that the ninety-day statutory limit for execution of a Colorado governor's warrant does not commence on the date of the person's arrest as a fugitive but rather on the date the person first appears in court and is advised of the extradition proceedings. *Schumm v. Nelson,* 659 P.2d 1389, 1390 n. 2 (Colo.1983). In this case, the date of Alliey's first court appearance was November 20, 1984, thus extending the ninety-day limit for ultimate execution of the Colorado governor's warrant until February 18, 1985 and rendering the execution of the governor's warrant on February 13, 1985, well within this outer limit. Finally, once the governor's warrant issued on February 13, 1985, any issue relating to Alliey's detention prior to this date became moot. *Casler v. Nelson,* 661 P.2d 1166 (Colo.1983); *Schumm,* 659 P.2d 1389; *Whittington,* 200 Colo. 17, 612 P.2d 72.

The judgment is affirmed.