Cary James GAGAN, Plaintiff,

v.

**John P. GATELY, Judge, District Court Arapahoe County, Allen Molk, Assistant District Attorney Arapahoe County, Defendants.**

Civ. A. No. 87–C–1184.

United States District Court,
D. Colorado.

Nov. 17, 1987.

Cary James Gagan, pro se.

## ORDER

CARRIGAN, District Judge.

This case was assigned to Magistrate Abram who reviewed the matter and prepared a recommendation pursuant to Local Rule 605. Copies of both the recommendation and Local Rule 605 were mailed to the plaintiff on August 20, 1987. Plaintiff has filed an objection to the Magistrate's recommendation.

I have examined the entire file, the Magistrate's recommendation and the plaintiff's objection. Although I agree that this action should be dismissed, I believe that a short discussion of the matter of extradition in Colorado is warranted.

Pursuant to C.R.S. § 16–19–111 (Repl.1986), a person held in custody under an extradition warrant may challenge the validity of that warrant by a petition for writ of habeas corpus. The scope of inquiry at the habeas corpus proceeding, however, is severely restricted. For example, the issuance of a governor's warrant renders moot all questions concerning the validity of the initial arrest. *Reese v. Warden*, 193 Colo. 7, 561 P.2d 339, 340 (1977).

Recently, in *Pruett v. Barry*, 696 P.2d 789 (Colo.1985), the Colorado Supreme Court discussed as follows the matters that may be considered:

"The court may consider only issues concerning: (1) the technical sufficiency of the extradition documents, (2) the identification of the accused, (3) whether the accused has been substantially charged

with a crime, and (4) whether the accused is a fugitive from justice. : [citations omitted]. Courts in the asylum state may not inquire into issues bearing on the petitioner's guilt or innocence, [citation omitted], *and any questions concerning the petitioner's sanity as it affects his ability to stand trial are properly addressed to courts in the demanding state. Luker v. Koch,* 176 Colo. 75, 489 P.2d 191 (1971); *see Charlton v. Kelly,* 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913) (international extradition proceedings)." (Emphasis added).

In *Pruett,* the State Supreme Court went on to hold that, in Colorado, the petitioner's competency may also be the subject of inquiry by the asylum state if it affects the petitioner's ability to understand and assist counsel in handling the narrow issues involved in the habeas corpus proceeding itself. *Id.* at 791–793. It was noted that other jurisdictions have held to the contrary. *Id.* at 793, n. 3. Thus, the matter of the plaintiff's competency to proceed at the extradition hearing was properly considered by Judge Gately.

█ Plaintiff states in his objection that he is seeking $2,000,000 in damages in this § 1983 action. Plaintiff, however, has not established that the defendants acted beyond the scope of their respective duties as judge and prosecutor, respectively. The Magistrate correctly concluded that this action is barred on the grounds of judicial and prosecutorial immunity. Plaintiff's objection is therefore overruled.

In all other respects, the Magistrate's recommendation appears to be supported by the law and the facts, and therefore I adopt it as the order of this court.

Accordingly,

IT IS ORDERED that the complaint and action are dismissed. Each party shall bear his own costs.