The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 11, 2022

**2022COA92**

**No. 20CA1912, *People v. Moss* — Criminal Law — Sentencing —
Restitution — Pecuniary Loss — Proximate Cause**

A division of the court of appeals clarifies that for restitution to
be considered related to charged conduct, the pecuniary loss must
be tied to conduct committed on the date or dates the defendant is
charged with having committed the offense.

COLORADO COURT OF APPEALS                                    **2022COA92**

Court of Appeals No. 20CA1912
Mesa County District Court No. 19CR2233
Honorable Valerie J. Robison, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Miranda Christine Moss,

Defendant-Appellant.

ORDER AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TOW
Dailey and Berger, JJ., concur

Announced August 11, 2022

Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Katherine C. Steefel, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Miranda Christine Moss, appeals the district court's order requiring her to pay restitution in the amount of $461.13.  In resolving her appeal, we clarify that the rule that a defendant cannot be ordered to pay restitution for uncharged conduct necessarily means that any pecuniary loss must be tied to conduct of the defendant occurring on the dates of the offenses of which the defendant is convicted.  Because the prosecution did not connect the date of some of the losses Moss allegedly caused to the date of the conduct for which she was criminally charged, we reverse the order in part and remand for further proceedings.

## I.    Background

¶ 2    In early 2019, Moss was in possession of the victim's 2004 Ford Mustang.  Moss and the victim disagree about whether, and when, she had permission to use the car.  But on November 9, 2019, the victim sent Moss a text message demanding that she return it.  When Moss did not immediately do so, the victim called the police and reported the car stolen.  On November 19, 2019, officers observed the Mustang and contacted Moss near the vehicle.  After Moss acknowledged she was driving the vehicle, the officers arrested her.

1

¶ 3    Moss was charged with numerous offenses relating to her unlawful possession of the Mustang.  She pleaded guilty to aggravated motor vehicle theft[1] and first degree criminal trespass (of the victim's apartment), and the remaining charges were dismissed.  Both the dismissed charges and the charges to which Moss pleaded guilty alleged that the offenses occurred "on or about November 19, 2019."  Moss agreed that the dismissed charges "may be considered for sentencing and restitution."

¶ 4    The prosecution requested $4,187.19 in restitution.  The request was based on a repair estimate completed eight months after the police recovered the vehicle.  Moss objected to the restitution amount and asserted that she did not proximately cause the damages to the vehicle.

¶ 5    The district court set the matter for a hearing.  After two days of testimony, the court found that the prosecution had not met its burden of establishing that Moss proximately caused all of the

---

[1] The aggravators she admitted in her motor vehicle theft plea included retaining possession of the vehicle for more than twenty-four hours and/or putting the wrong license plate on the car.  *See* § 18-4-409(2)(a), (h), C.R.S. 2021.  She was neither charged with nor convicted of the aggravator involving causing damage to the vehicle.  *See* § 18-4-409(2)(e).

claimed damages. However, the district court found that the damages Moss proximately caused required replacement of the transmission fluid and the battery and "cause[d] [the victim] to have to pay a tow bill to have the vehicle returned to him." The court imposed restitution in the amount of $461.13.

## II.    Discussion

¶ 6    Moss contends that the district court erred by ordering restitution for the battery and transmission fluid because (1) she was not the proximate cause of the alleged loss and (2) she was not charged with or convicted of an offense pertaining to property damage and did not agree to pay restitution for such property damage under the plea agreement.[2]

### A.    Standard of Review

¶ 7    Moss challenges the restitution award on two interrelated grounds. She argues that the need to replace the transmission fluid and the battery were not related to any charged crime and,

---

[2] Moss does not contest the restitution order as it relates to the $275.00 cost of towing so we leave that portion of the order undisturbed.

3

alternatively, that insufficient evidence established her liability for these amounts.

¶ 8     To the extent Moss challenges the court's authority to order restitution for uncharged conduct, we review that claim de novo. *People v. Roddy*, 2021 CO 74, ¶ 23.

¶ 9     As to Moss's sufficiency of the evidence challenge, both parties assert that our review is de novo, relying on *People v. Barbre*, 2018 COA 123, ¶ 25.  (Moss actually cites *People v. Rice*, 2020 COA 143, ¶ 22, *overruled on other grounds by People v. Weeks*, 2021 CO 75; *Rice*, ¶ 22, in turn, cites *Barbre*.)  We agree but add some clarification.

¶ 10    In the context of reviewing the sufficiency of the evidence for conviction, what we review de novo is not the ultimate conclusion of guilt by the fact finder but, rather, "whether the prosecution put forward sufficient evidence to '[meet] its burden of proof with respect to each element of the crime charged.'"  *People v. Garcia*, 2022 COA 83, ¶ 16 (quoting *Martinez v. People*, 2015 CO 16, ¶ 22).

¶ 11    Our supreme court has not addressed whether a sufficiency challenge to a restitution order falls under the same rubric as a challenge to the sufficiency of the evidence supporting a conviction.

4

In *Barbre*, however, a division of this court concluded that "the appropriate standard is to review de novo whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss." *Barbre*, ¶ 25. As with a sufficiency challenge to a conviction, however, "[w]e will not disturb a district court's findings and conclusions if the record supports them, even though reasonable people might arrive at different conclusions based on the same facts." *People v. Dyson*, 2021 COA 57, ¶ 15 (quoting *People in Interest of S.G.L.*, 214 P.3d 580, 583 (Colo. App. 2009)); *cf. People v. Martinez*, 2022 COA 28, ¶ 60 (J. Jones, J., specially concurring) (pointing out that proximate cause for restitution purposes is a question of fact and as such should be reviewed for clear error).[3] Thus, our de novo determination is whether the prosecution presented sufficient evidence to convince a reasonable fact finder by

---

[3] In *People v. Martinez*, 2022 COA 28, ¶ 14, the majority held that a trial court's proximate cause determination for restitution purposes is reviewed for abuse of discretion. We disagree and, thus, decline to follow that opinion. *See Chavez v. Chavez*, 2020 COA 70, ¶ 13 (noting that a division of this court is not bound by decisions of other divisions).

a preponderance of the evidence of the amount of restitution owed. (Because the parties do not raise the issue, and because it does not impact our analysis, we do not explore any differences that may exist between the clear error standard invoked by Judge Jones in *Martinez* and the standard announced in *Barbre*.)

## B.    Analysis

¶ 12    When a district court sentences a defendant, it must address restitution. § 18-1.3-603(1), C.R.S. 2021. Restitution means any pecuniary loss suffered by a victim that was proximately caused by the defendant's conduct and that can be reasonably calculated and recompensed in money. *See* § 18-1.3-602(3)(a), C.R.S. 2021. In the context of restitution, proximate cause is a cause which in natural and probable sequence produced the claimed loss and without which the claimed loss would not have been sustained. *People v. Rivera*, 250 P.3d 1272, 1274 (Colo. App. 2010).

¶ 13    A defendant may not be ordered to pay restitution, however, for losses that did not stem from the conduct that was the basis of their conviction. *Roddy*, ¶ 32. Consequently, a district court may not award restitution for damages arising from criminal conduct (1) of which the defendant was acquitted, *Cowen v. People*, 2018 CO

6

96, ¶ 24; (2) for which the defendant was never criminally charged, *People v. Sosa*, 2019 COA 182, ¶ 26; or (3) which underlies a dismissed charge, *id.* at ¶ 28; *Roddy*, ¶ 32. (Of course, a defendant may agree to be held responsible for restitution arising out of charges that are dismissed as part of a plea bargain. *See Roddy*, ¶ 28 (citing *Sosa*, ¶ 30)).

¶ 14 Consistent with these cases, we further conclude that the conduct giving rise to a defendant's convictions necessarily includes only conduct occurring on the dates of the offenses of which the defendant is convicted, unless otherwise explicitly agreed to by the parties as part of a plea agreement. After all, this is the only period during which a defendant is established, either by their plea or conviction, to be an "offender" under section 18-1.3-602(3)(a). *See Cowen*, ¶ 21; *Roddy*, ¶ 26; *Sosa*, ¶ 26.[4]

¶ 15 Both charges to which Moss pleaded guilty alleged that her criminal conduct occurred on or about November 19, 2019. Thus, the only conduct for which Moss may be deemed an "offender"

---

[4] Of course, the damage (or pecuniary loss) does not necessarily need to occur on the date(s) of the offense, provided that it was proximately caused by unlawful conduct engaged in by the defendant on the charged date(s).

occurred on or about that date.  But the prosecution presented no evidence that the need to replace the transmission fluid or the battery stemmed from Moss's conduct on or about November 19. While Moss testified that she had added transmission fluid to the car in February 2019 (testimony which the district court found not credible based on contrary testimony of a defense witness), there was no evidence that the need to further replace the transmission fluid occurred on or about November 19 or was caused by Moss's conduct on or about that date.  Similarly, there was no evidence that Moss's unlawful possession damaged the car battery.  And although there was some indication that Moss had possession of the victim's car without his permission for several days — and perhaps even weeks or months — she was only charged with engaging in unlawful conduct on or about that one day.

¶ 16    We note that the extent of acceptable date variation indicated by "on or about" language is somewhat unclear.  *See Deeds v. People,* 747 P.2d 1266, 1273-74 (Colo. 1987) (two days); *Lomax v. Cronin,* 194 Colo. 523, 525, 575 P.2d 1285, 1286 (1978) (one day). Nevertheless, even with some inherent flexibility in the charged date, the evidence presented at the hearing does not establish that

Moss caused the claimed damage to the vehicle during her unlawful possession. Thus, without a charge or conviction establishing that Moss's possession of the vehicle was unlawful at any other time, Moss cannot be responsible for restitution in a criminal case for damage caused by her conduct on any other day.[5] Therefore, the district court erred by ordering restitution for the transmission fluid and battery.[6]

¶ 17 The People contend that Moss was an "offender" for the conduct that formed the basis of both charges, namely, unlawfully entering the victim's home to take the keys to the vehicle and then absconding with the vehicle for over eight months. While this may have been the intended theory of prosecution, it was not what the People charged. Even the dismissed charges identified on or about November 19 as the sole date of offense. Because Moss was not

---

[5] Though Moss admitted to retaining possession of the vehicle for more than twenty-four hours and/or putting the wrong license plate on the car, there was still no evidence adduced at the restitution hearing that the claimed damage was caused by her conduct during the period she unlawfully possessed the car.

[6] Our resolution is the same whether we focus on the fact that the purported damages were not related to charged conduct or on the fact that there was insufficient evidence presented to establish proximate cause.

convicted for (or even charged with) any conduct during this eight-month timeframe, she cannot be required to pay restitution for damage that occurred to the vehicle before her unlawful possession began.[7] *See People in Interest of D.I.*, 2015 COA 136, ¶ 18 (concluding that the evidence did not establish proximate cause where the damage to the vehicle occurred two days before the defendant exercised control over the vehicle).

¶ 18    To be clear, we do not agree with Moss to the extent she argues that restitution must be directly related to an *element* of the crimes for which she was convicted. (She argues, in part, that because she did not specifically plead guilty to — and was not charged with — damaging the vehicle, she cannot be held responsible for that damage.) A defendant is responsible for making "*full* restitution to those harmed by their misconduct." § 18-1.3-601(1)(b), C.R.S. 2021 (emphasis added). But while restitution need not be tied to a specific element of the crime, it must be tied to unlawful conduct for which a defendant was

---

[7] Of course, because none of the dismissed charges related to conduct occurring before the date of offense alleged in the complaint, her agreement that the dismissed charges "may be considered for . . . restitution" is of no import.

convicted — including the date(s) on which that conduct was alleged to have occurred.

¶ 19 Accordingly, as to the transmission fluid and the battery, the restitution order cannot stand because it is not supported by an evidentiary link between the conduct for which Moss was convicted (or even charged) and the victim's damages.

## III.   Disposition

¶ 20 We reverse the district court's restitution order as to the transmission fluid and battery and remand with directions to impose restitution for the towing costs only.

JUDGE DAILEY and JUDGE BERGER concur.