IN RE SCHRAMECK.

(No. 323—Decided April 3, 1959.)

Mr. *John S. Bath,* for appellant-petitioner.
Mr. *Rollo M. Marchant,* prosecuting attorney, for appellee-respondent.

CRAWFORD, J.   Appellant, petitioner below, Eddie Schrameck, having been arrested upon an Ohio Governor's warrant issued upon a requisition by the Governor of the state of California for extradition of the petitioner to answer to a charge of grand theft, petitioned the Common Pleas Court for a writ of habeas corpus.  Upon hearing, the writ was denied.  From such denial petitioner appeals to this court on questions of law.

His argument reads as follows:

"In this proceeding, relator [*sic*] was arrested and committed on a warrant issued by the Governor of Ohio on an original criminal charge filed in the state of California. The supporting papers, however, include and refer to an *amended* criminal charge. As the warrant was issued on an original charge which has since been amended, the original charge being thereby cancelled and eliminated, the warrant is without legal validity and relator [*sic*] is being restrained of his liberty without legal authority. Since the original criminal complaint has been amended, the warrant from the Governor must be on the amended, not the original, complaint."

No bill of exceptions has been furnished us.  Attached to the transcript of the docket and journal entries, and included among the original papers, is what purports to be a copy of the

Governor's warrant, addressed to the Sheriff of Fayette County. It begins:

"Whereas, requisition has been made upon me by the Governor of the state of California for the extradition of Eddie Arthur Schrameck, aka, Arthur E. Schrameck alleged fugitive from the justice of said state of California charged with the crime of grand theft as appears by a copy of affidavit, duly authenticated, and attached to the requisition aforesaid;

"* * *"

Whether this purported copy of the Governor's warrant may be considered or not, the record shows no irregular or invalid basis for the Governor's warrant. Such facts as appear in the record cannot be varied or supplemented by assertions contained in the briefs on either side.

In the absence of a showing to the contrary, we must presume that the Governor, as well as the Common Pleas judge, acted regularly.

Petitioner filed a motion in this court to fix bond pending final determination of his appeal. Upon our assurance of an early hearing and expeditious decision of the appeal, counsel agreed that such motion might be considered at this same time.

Inasmuch as the denial of the writ must be affirmed, the motion to fix bond is overruled.

*Judgment accordingly.*

WISEMAN, P. J., and KERNS, J., concur.