## No. 27790

**Floyd Patrick a/k/a Floyd Warner Patrick v. Robert C. Watson, Sheriff, County of Larimer, State of Colorado**

(576 P.2d 1014)

Decided March 27, 1978.                    Rehearing denied April 24, 1978.

Harden, Napheys, Schmidt & Hass, B. F. Napheys III, for petitioner-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Anthony M. Marquez, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Floyd Patrick, appeals from an adverse ruling denying his petition for a writ of habeas corpus. We affirm the judgment.

Extradition papers from the Governor of Texas were presented to the Governor of Colorado, which contained the following authenticated documents: (1) an indictment; (2) a judgment of conviction for assault with intent to rob; and (3) a sentence of ten years. The demand also stated that the appellant had "jumped bail pending appeal and fled from the justice" of the state of Texas. On July 5, 1977, following his arrest in Colorado, appellant filed a petition for issuance of a writ of habeas corpus, challenging the sufficiency of the extradition documents.

Appellant had pleaded guilty to assault with intent to rob in Bell County, Texas, on February 19, 1971. He received a ten-year suspended sentence and was granted probation. His probation was later revoked and he received a reduced sentence of two to four years in the Texas State Penitentiary. He appealed the judgment revoking his probation and, while the appeal was pending, came to Colorado. The appeal was denied on January 4, 1974.

The issue on appeal is the technical sufficiency of the requisition documents presented by the Governor of Texas. Appellant contends that the requisition documents are defective in two respects: (1) the documents do not correctly represent the actual sentence that was imposed; and (2) the documents do not specify that the appellant violated the terms of his probation.

■ The Uniform Criminal Extradition Act, section 16-19-101, *et seq.*, C.R.S. 1973 (1976 Supp.), specifies in relevant part that the executive authority of the demanding state must provide a written demand accompanied by:

"* * * a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. * * *" Section 16-19-104, C.R.S. 1973.

In evaluating the sufficiency of requisition papers, all of the documents must be read and considered together. *Martello v. Baker,* 189 Colo. 195, 539 P.2d 1280. In addition, the appellant must overcome, by clear and convincing evidence, the presumption of validity afforded to authenticated requisition documents. *Lomax v. Cronin,* 194 Colo. 523, 575 P.2d 1285.

■ Appellant's first argument is that the requisition documents do not reflect the actual sentence imposed upon him. Initially, we note that the Governor of Texas was not required to specify any sentence, so long as he provided an authenticated judgment of conviction. Section 16-19-104, C.R.S. 1973, merely requires a copy of "a judgment of conviction *or* of a sentence imposed in execution thereof * * *" (emphasis added). Even so, the specified sentence of ten years is sufficient. Although the appellant's ten-year sentence was suspended and later reduced, the requisition documents accurately reflect that the sentence imposed for the crime remains unsatisfied. *See Wynsma v. Leach,* 189 Colo. 59, 536 P.2d 817.

■ Appellant's second contention is that the requisition documents are defective because they do not state that appellant violated the terms of his probation. It is clear that appellant is being sought not because he violated his probation but rather because he "jumped bail" pending appeal of the revocation of his probation. Thus, the statement in the demand that appellant "jumped bail pending appeal" is entirely accurate. It also conforms to the statutory requirement that the demand specify that the fugitive "has escaped from confinement or has *broken the terms of his bail, probation, or parole.* * * *" (emphasis added.) Section 16-19-104, C.R.S. 1973. The issue of whether the demanding state properly revoked a fugitive's probation is a matter for determination in the demanding, not the asylum, state. *Bernardo v. Cronin,* 191 Colo. 36, 550 P.2d 349; *Wynsma v. Leach, supra.* This issue was apparently decided in Texas against appellant on January 4, 1974.

Finally, appellant urges this court to apply the doctrine of *res judicata* to bar any subsequent extradition attempts by the state of Texas. Since we hold that these requisition documents are clearly sufficient in form, we are not required to reach this issue.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.