## No. 79SA572

## Michael Joseph Clark v. Brad Leach,
## Sheriff of Boulder County and State of Colorado

(612 P.2d 1130)

Decided June 23, 1980.

J. Gregory Walta, State Public Defender, Ilene P. Buchalter, Deputy, Norman R. Mueller, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Mary E. Ricketson, Assistant Attorney General, Litigation Section, for respondent-appellee.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

Michael Joseph Clark appeals from a trial court order discharging a Writ of Habeas Corpus in an extradition proceeding. Section 16-19-101, *et seq.*, C.R.S. 1973 (now in 1978 Repl. Vol. 8). We affirm.

Appellant was arrested on August 4, 1979 in Longmont, Colorado on a disturbance charge and violation of the Longmont open container ordinance. A routine warrant check revealed an outstanding warrant from Nebraska on a parole violation. On September 13, 1979, a governor's warrant for the appellant's extradition was issued. Appellant filed a Petition for Writ of Habeas Corpus. Following argument on the petition, the trial court issued an order on November 6, 1979 discharging the writ. This appeal was perfected, and the trial court issued a stay of execution pending appeal.

■ Appellant contends that it was error to discharge the writ because the documents supporting the extradition demand were not properly authenticated[1] and because the Governor did not personally sign or issue the governor's warrant for extradition. We uphold the governor's warrant. The authentication required by the statute was made, and the governor's warrant was properly issued.

■ The requirements for the extradition demand are in section 16-19-104, C.R.S. 1973 (now in 1978 Repl. Vol. 8):

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless . . . by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. . . [T]he copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."

---

[1] Appellant's lack of authentication argument is based on the failure to include a certificate of the county clerk that the person who attested to the signature of the deputy administrator of the board of parole is in fact a judge of the county court.

"Executive authority" is defined in section 16-19-102(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8), to include "the governor, and any person performing the function of governor in a state other than this state." Thus, the only authentication required by statute is an authentication by the executive authority of the demanding state. The requisition sent by Nebraska includes a certification of authenticity of the included documents. The requisition is signed by the Governor of Nebraska and complies with the requirements of section 16-19-104.

Appellant's second argument is a challenge to the validity of the governor's warrant due to the alleged failure of the Governor to personally review the requisition documents. This issue was not raised in the trial court; however, it was recently rejected by this Court in *Whittington v. Bray,* 200 Colo. 17, 612 P.2d 72 (1980). We find no reason to elaborate further on the issue.

■ The requisition documents from the state of Nebraska comply with the statutory requirements for a demand under section 16-19-104, and the governor's warrant was issued properly. We therefore affirm the order of the trial court discharging the appellant's Writ of Habeas Corpus.

Judgment affirmed.