**Jerry W. STEINMAN,
Petitioner-Appellant,**

v.

**Elvin CALDWELL, Ex-Officio Sheriff of the City and County of Denver and Manager of Safety and Excise; and Mose Trujillo, Warden of the Jail, City and County of Denver, Respondents-Appellees.**

**No. 80 SA 447.**

Supreme Court of Colorado,
En Banc.

May 18, 1981.

James R. Miller, Denver, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Litigation Section, Denver, for respondents-appellees.

DUBOFSKY, Justice.

Petitioner Jerry W. Steinman contests the trial court's discharge of a writ of habeas corpus and its order that Steinman be extradited. We affirm.

A charge of escaping from custody is pending against Steinman in Iowa. He was arrested in Denver and charged as a fugitive under section 16–19–103, C.R.S.1973 (1978 Repl. Vol. 8), on July 3, 1980. The

Governor issued his warrant for Steinman's extradition on August 14, 1980, and Steinman commenced habeas corpus proceedings. The trial court discharged the writ on September 11, 1980.

 Steinman's contention on appeal is that the Governor failed to exercise discretion in deciding whether to honor an extradition demand under section 16–19–108, C.R.S.1973 (1978 Repl. Vol. 8), which provides:

"If the governor decides that the demand should be complied with, he shall sign a warrant of arrest . . . ."

Steinman argues that a review of extradition papers for legal sufficiency and the subsequent issuance of warrants does not constitute an affirmative exercise of discretion. Instead, he contends that the Governor, or someone acting on his behalf,[1] has the duty to investigate the personal circumstances of the individual subject to the extradition process,[2] and that no one investigated or exercised discretion in his case.

 In *Whittington v. Bray*, Colo., 612 P.2d 72 (1980), we concluded that it is improper for the judiciary to tell the Governor how to delegate his authority in extradition matters.[3] It is no less improper for the judiciary to tell the governor, once he has delegated his authority, how the delegated authority should be exercised. *Colo. Const.* Art. III. Once the Governor has granted extradition,

"a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition and (d) whether the petitioner is a fugitive."

*Michigan v. Doran*, 439 U.S. 282 at 289, 99 S.Ct. 530 at 535, 58 L.Ed.2d 521 at 527 (1978); *Lomax v. Cronin*, 194 Colo. 523, 575 P.2d 1285 (1978).

Judgment affirmed.

---

1. Steinman concedes that the Governor may delegate his executive authority in extradition matters to employees in his office and assistant attorneys general. *See Whittington v. Bray*, Colo., 612 P.2d 72 (1980); *accord Richardson v. Cronin*, Colo., 621 P.2d 949 (1981); *Whittington v. Bray*, Colo., 613 P.2d 633 (1980); *Clark v. Leach*, Colo., 612 P.2d 1130 (1980).

2. Section 16–19–105, C.R.S.1973 (1978 Repl. Vol. 8) provides:

"When a demand is made upon the governor of this state by the executive authority of another state for the surrender of a person so charged with crime, the governor may call upon the attorney general or any prosecuting officer in this state to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered."

3. Since our decision in *Whittington v. Bray, supra*, the Governor has issued an executive order delegating his authority to act in extradition matters. The order provides in relevant part:

"(1) The Extradition Secretary within the Governor's Office is delegated authority to affix my signature to all requisitions, warrants, and other extradition documents requiring my signature, after determining that pertinent procedures and requirements have been met.

(2) The Attorney General for the State of Colorado is authorized to conduct investigations and reviews of extradition matters through Assistant Attorneys General."

Executive Order of Governor Richard D. Lamm Delegating Certain Extradition Authority, August 7, 1980.