The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Diana Lynn **SCHNECKLOTH** a/k/a Diana Lynn McIntosh, Defendant-Appellant.

No. 82SA56.

Supreme Court of Colorado, En Banc.

April 4, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., J. Stephen Phillips, Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Donald Wasko, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The petitioner-appellant, Diana Schneckloth, appeals the Jefferson County district court's discharge of her petition for a writ of habeas corpus. The district court discharged the writ because the warrant and supporting documents sufficiently charged the petitioner with committing forgery in Nebraska and failing to appear for sentencing after conviction of forgery. On appeal, the petitioner claims that extradition should be denied because the district court failed to make a specific finding as to the credibility of the person who signed the affidavit in support of the extradition demand. We affirm the district court's discharge of the petition.

The petitioner was convicted of second degree forgery in Nebraska on March 11, 1980. When she failed to appear for sentencing, a warrant was issued for her arrest. The Jefferson County sheriff arrested the petitioner on August 12, 1981. Colorado authorities served her with the governor's warrant on October 5, 1981. At the hearing on her petition for a writ of habeas corpus, the petitioner argued that the extradition documents failed to establish probable cause to support the charge against her. The petitioner contended that because there was no proof of the credibility of the affiant in this case, a writ of habeas corpus should be issued. The district court found the documents sufficient and denied the petition.

■ The petitioner renews her argument in this appeal. She cites no authority for her contention that, when ruling on a petition for habeas corpus in an extradition case, a district court specifically must find that the signer of the supporting affidavit was credible.[1]

■ Section 16–19–104, C.R.S.1973 (1978 Repl.Vol. 8)[2] requires that a demand for extradition be accompanied by "information supported by affidavit in the state having jurisdiction of the crime." The statute imposes no obligation that the affiant be proven credible. The requisition documents submitted in this case included the information charging the petitioner with second-degree forgery and the affidavit of the deputy county attorney of Douglas County, Nebraska, sworn before a judge of the district court for that county. The

---

1. In her brief, the petitioner cites section 16–19–114, C.R.S.1973 (1978 Repl.Vol. 8) which requires that a warrant for the arrest in Colorado of a fugitive from another state prior to the issuance of requisition documents be supported by "the oath of any credible person" or "the affidavit of any credible person." The petitioner has not included the affidavit in support of the arrest warrant in the record on review and apparently does not challenge its sufficiency. Thus, the petitioner's citation of section 16–19–114 is inapposite. We note that were petitioner challenging the affidavit to the arrest warrant, the subsequent issuance of a legally sufficient governor's warrant would render the issue moot. *Schumm v. Nelson*, 659 P.2d 1398 (Colo. 1983); *Morris v. Nelson*, 659 P.2d 1386 (Colo. 1983); *Michaels v. Caldwell*, 646 P.2d 899 (Colo.1982).

2. Section 16–19–104 provides:
"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16–19–107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."

challenged affidavit satisfies the requirements of section 16–19–104. Read together, all of the documents substantially charge the petitioner with a crime in Nebraska. *See Lucero v. Martin,* 660 P.2d 902 (Colo.1983). No finding in the asylum state as to the affiant's credibility is necessary.[3] An attack on credibility is, in effect, an attack on the demanding state's finding of probable cause. Such an attack is possible only in the courts of the demanding state. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). *Lucero v. Martin, supra.* Once a court in the asylum state has satisfied itself with the facial validity of the documents, no further inquiry is appropriate on this issue. *Steinman v. Caldwell,* 628 P.2d 110 (Colo.1981). Therefore, the district court properly denied the petition for habeas corpus.

Judgment affirmed.

---

**3.** Nor would an inquiry into the affiant's credibility be practical. Because the affiant resides in the demanding state, examination of that person's credibility in the asylum state would pose inordinate logistical problems.