Louis BUTCHER, Petitioner-Appellant,

v.

Elvin R. CALDWELL, Manager of Safety and Excise, and Ex-Officio Sheriff of the City and County of Denver, and Wayne K. Patterson, Warden of the Jail of the City and County of Denver, State of Colorado, Respondents-Appellees.

No. 83SA315.

Supreme Court of Colorado, En Banc.

March 5, 1984.

David F. Vela, Colorado State Public Defender, Keith R. Gross, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert W. Petrusak, Asst. Atty. Gen., Denver, for respondents-appellees.

ERICKSON, Chief Justice.

The appellant, Louis Edward Butcher, appeals the discharge of his petition for a writ of habeas corpus, which attacked the sufficiency of the extradition documents submitted to the Governor of Colorado by the State of Minnesota, pursuant to section 16–19–104, C.R.S.1973 (1978 Repl.Vol. 8). We affirm.

I.

The appellant was arrested and held for extradition to the State of Minnesota. Section 16–19–101 *et seq.*, C.R.S.1973 (1978 Repl.Vol. 8). The extradition documents provided by the State of Minnesota included in part: An application for requisition of Louis Edward Butcher, a certified copy of the minutes of proceedings held in the Sixth Judicial District Court of Minnesota on December 4 and 12, 1980, and March 17, 1981, and a bench warrant directing that Louis Edward Butcher be arrested for violation of the conditions of his "supervised release."

The appellant filed a petition for a writ of habeas corpus alleging that the extradition documents were insufficient because the bench warrant was not requested by a "prosecuting attorney" in accordance with certain technical requirements of the Minnesota Rules of Criminal Procedure. The appellant asserted also that the warrant was defective because it was issued by an order dated April 7, 1980, while the complaint was not filed until December 4, 1980. The district attorney filed a return which raised the issues that were resolved by the trial court. After a hearing, the trial court found that "the requisition papers from the demanding State of Minnesota [were] sufficient and proper in all respects" and denied the petition for a writ of habeas corpus.

II.

The statutory requirements for documents to support a foreign state's request for extradition are stated in the alternative in section 16–19–104, C.R.S.1973 (1978 Repl.Vol. 8):

"No demand for the extradition of a person charged with crime in another state, shall be recognized by the governor unless in writing alleging ... that the accused was present in the demanding state at the time of the commission of

the alleged crime, and that thereafter he fled from the state, *and* accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, *or* by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole....* [T]he copy of ... conviction or sentence must be authenticated by the executive authority making the demand."

(Emphasis supplied.) If any one basis for extradition is adequately set forth within the meaning of the statute, the form of the demand meets the statutory test. *Johnson v. Kiefer,* 624 P.2d 894 (Colo.1981).

 In this case, the extradition documents provided by the State of Minnesota included a document entitled: "STATE OF MINNESOTA V. LOUIS EDWARD BUTCHER—CLERK'S MINUTES NO. C–14749." The document recites, *inter alia,* that a petition to enter a plea of guilty to third-degree assault was entered, filed with, and accepted by the trial court judge in Minnesota. This certified copy of the minutes of the appellant's guilty plea constitutes sufficient documentation within the meaning of section 16–19–104 of the appellant's conviction in Minnesota of third-degree assault. *Blackwell v. Johnson,* 647 P.2d 237 (Colo.1982); *Miller v. Cronin,* 197 Colo. 391, 593 P.2d 706 (1979). Also included in the requisition is a demand for the appellant's return which contains a statement by the Governor of Minnesota indicating that the appellant violated the terms of his supervised release and that the conviction remains unsatisfied. A certification and authentication of the included documents was signed by the Governor of Minnesota. This court has ruled that a governor's general authentication of the requisition documents covers all documents in-

cluded in the requisition request. *Clark v. Leach,* 200 Colo. 151, 612 P.2d 1130 (1980).

We hold that the latter basis for extradition highlighted in section 16–19–104 set out above was complied with by the State of Minnesota in its demand. Accordingly, we affirm the trial court's discharge of the appellant's petition for a writ of habeas corpus.