**Braulio RODRIQUEZ,
Petitioner-Appellant,**

v.

**Ernest SANDOVAL, Sheriff of Costilla County, Respondent-Appellee.**

No. 83SA477.

Supreme Court of Colorado,
En Banc.

May 21, 1984.

Graham & Graham, Adele Graham, San Luis, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricial A. Wallace, Asst. Atty. Gen., Denver, for respondent-appellee.

KIRSHBAUM, Justice.

Petitioner, Braulio Rodriquez, appeals an order of the Costilla County District Court discharging his petition for habeas corpus relief from extradition proceedings initiated by the state of New Mexico.[1] We affirm.

## I

On July 1, 1983, pursuant to a requisition made by the governor of the State of New Mexico for petitioner's return to that state, the governor of Colorado issued a governor's warrant authorizing the extradition of petitioner to New Mexico. Subsequently, petitioner filed a habeas corpus petition which alleged, *inter alia*, that his federal constitutional rights had been violated by the State of New Mexico and that the documents filed in support of the extradition request were not sufficient to support the allegations contained therein.

The trial court issued the writ and conducted a hearing on September 9, 1983. Declining to review petitioner's allegations

---

1. This court has direct appellate review of habeas corpus proceedings. *See* Colo. Const. art. VI., § 2; § 13–4–102(1)(e), 6 C.R.S. (1973).

of violations of his federal constitutional rights, the trial court found the extradition documents to be sufficient, ordered petitioner's extradition to the State of New Mexico, and discharged the writ.

The appeal presents two separate issues: (1) whether a district court may review the alleged unconstitutionality of a petitioner's conviction in the demanding state and the sentence based thereon during a habeas corpus proceeding challenging the legality of an extradition request; and (2) whether petitioner's allegation that the governor's warrant erroneously states that petitioner committed the charged crime in "Los Lunes" County is sufficient to prevent extradition.[2] We find no merit to either contention.

## II

■■■ Some criminal procedural safeguards apply to habeas corpus actions testing the validity of extradition proceedings. Habeas corpus proceedings in the context of extradition, however, are civil in nature and are limited to consideration of whether the petitioner is lawfully detained and whether the requirements of extradition have been met. *Denbow v. Williams,* 672 P.2d 1011 (Colo.1983); *Simmons v. Leach,* 626 P.2d 164 (Colo.1981). Accordingly, the scope of review permitted in such proceedings is limited to the following readily verifiable historic facts:

"(1) the technical sufficiency of the extradition documents; (2) the identification of the accused; (3) whether the accused is substantially charged with a crime; and (4) whether the accused is a fugitive from justice."

*Denbow,* 672 P.2d at 1014. *See also Gerard v. Ossola,* 649 P.2d 1110 (Colo.1982); *Steinman v. Caldwell,* 628 P.2d 110 (Colo. 1981); *Lomax v. Cronin,* 194 Colo. 523, 575 P.2d 1285 (1978). The trial court, therefore, properly refused to adjudicate petitioner's claims that his federal constitutional rights were violated by the New Mexico authorities. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Denton v. Cronin,* 187 Colo. 247, 529 P.2d 644 (1975).

## III

■■■ When a state seeks extradition of a convicted individual who allegedly has violated terms of probation, section 16–19–104, 8 C.R.S. (1973),[3] requires only the filing of a record of the conviction and a statement by the demanding state's governor that the person sought has violated the terms of the probation. *Blackburn v. Johnson,* 647 P.2d 238 (Colo.1982). We apply the same standard to alleged parole violators. The requisition documents from the state of New Mexico contain a certificate of parole, judgment and sentence, an arrest warrant for petitioner and an affirmation by the Governor of the State of New Mexico that the facts of petitioner's parole violation, as set out in the application for requisition, are sufficient to support such requisition. These documents establish that petitioner is subject to extradition pursuant

**2.** In his brief on appeal, petitioner states that "New Mexico has told Colorado that petitioner committed a crime in 'Las Lunas' [sic] County...." There is no support for this assertion in the record as only the Colorado governor's warrant refers to a Los Lunes County.

**3.** Section 16–19–104, 8 C.R.S. (1973), provides: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 16–19–107, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."

to section 16–19–104. *See Butcher v. Caldwell*, 677 P.2d 342 (Colo.1984); *Clark v. Leach*, 200 Colo. 151, 612 P.2d 1130 (1980).

Petitioner's argument that the governor's warrant erroneously recites "Los Lunes" County as the county in which the crime occurred is irrelevant to the determination of the sufficiency of the requisition documents.[4] The governor's warrant merely implements extradition proceedings based upon the requisition documents of the demanding state. *Self v. People*, 133 Colo. 524, 297 P.2d 887 (1956). It need not be technically correct in every respect, so long as it satisfies the requirements of section 16–19–108, 8 C.R.S. (1973). *See Dilworth v. Leach*, 183 Colo. 206, 515 P.2d 1130 (1973); *Harding v. People*, 161 Colo. 571, 423 P.2d 847 (1967). The governor's warrant in this case satisfied the requirements of section 16–19–108.

The ruling of the trial court is affirmed.

---

**4.** Petitioner also contends in his brief on appeal that he did not "flee" from the State of New Mexico. Whether petitioner actually "fled" New Mexico is not controlling, however, as the "fled from justice" requirement of § 16–19–103, 8 C.R.S. (1973), has been construed by this court to include persons merely absent from the demanding state. *Gottfried v. Cronin*, 192 Colo. 25, 555 P.2d 969 (1976).