**Curtis R. MARTIN, Petitioner-Appellant,**

v.

**Bert JOHNSON, Respondent-Appellee.**

**No. 85SA195.**

Supreme Court of Colorado, En Banc.

Nov. 4, 1985.

David F. Vela, Colo. State Public Defender, Ronald M. Aal, Deputy State Public Defender, Brighton, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondent-appellee.

QUINN, Chief Justice.

The petitioner-appellant, Curtis R. Martin, appeals from a judgment denying habeas corpus relief in connection with extradition proceedings instituted by the state of Texas. We affirm the judgment.

On January 25, 1985, Martin was charged in the district court of the Seventeenth Judicial District with being a fugitive from the state of Texas. Martin refused to waive extradition, and on February 15, 1985, the governor of the state of Texas submitted a requisition for his extradition, alleging that Martin violated the terms of his probation for the felony of credit card abuse and fled from the state of Texas to the state of Colorado. The governor of Texas certified in his requisition that the following documents attached to the requisition were authentic: the Texas indictment charging Curtis Richard Martin with the crime of credit card abuse committed on August 18, 1980, in Dallas County, Texas; the judgment of conviction entered on November 14, 1980, and the sentence to a probationary term of six years for credit card abuse; the motion to revoke Martin's probation for his failure to report to his probation officer, his failure to make restitution, and his failure to pay probation fees; and the arrest warrant issued by the Dallas County District Court for Martin's arrest for violating the terms of his proba-

tion. The documents attached to the governor's requisition were also certified as authentic by the clerk of the Texas Criminal District Court of Dallas County, whose signature was authenticated by a judge of the Criminal District Court of Dallas County, with a further authentication of the judge's signature by the clerk.

On March 12, 1985, upon receipt of the Texas requisition, the governor of Colorado issued a warrant for Martin's arrest as a fugitive from the state of Texas. The requisition documents and the governor's arrest warrant were filed with the district court of the Seventeenth Judicial District. Martin thereafter challenged his extradition by filing a petition for writ of habeas corpus. The district court conducted a hearing on Martin's petition on March 3, 1985. Martin testified at the hearing that he was originally placed on probation in Texas for credit card abuse but that his Texas probation had been transferred to the state of Colorado in 1980 and that, consequently, he was not a fugitive from the state of Texas. Martin, however, was unable to provide the court with any documentation that his Texas probation had been transferred to Colorado. The district court denied Martin's petition for writ of habeas corpus and ordered his extradition to Texas. This appeal followed.

■ Martin initially argues that his testimony was sufficient to overcome any presumption of validity attaching to the extradition documents filed in the district court. We find his argument devoid of merit. A prima facie case for extradition was established on the basis of the Colorado governor's warrant and the Texas requisition documents. It was Martin's burden under these circumstances to overcome the presumption of validity attaching to these documents by clear and convincing evidence. *E.g., Lucero v. Martin*, 660 P.2d 902 (Colo. 1983); *Patrick v. Watson*, 195 Colo. 156, 576 P.2d 1014 (1978); *Lomax v. Cronin*, 194 Colo. 523, 575 P.2d 1285 (1978). Martin failed to satisfy this burden, as evidenced by the district court's rejection of Martin's testimony concerning the alleged transfer

of his probation from the state of Texas to the state of Colorado.

 Martin next challenges the validity of the certification of the documents accompanying the requisition (the indictment, judgment and sentence, and arrest warrant) by the clerk of the Criminal District Court of Dallas County. He argues that the clerk's certification was invalid because the clerk's signature was certified as genuine by a judge of the Dallas Criminal District Court but that the judge's signature was in turn certified as genuine by the very clerk whose signature the judge authenticated. This challenge also lacks merit. Where, as here, the requisition is based on allegations that the fugitive was indicted and convicted in the demanding state and thereafter broke the terms of his probation and fled that state, the only authentication requirement is that found in section 16–19–104, 8 C.R.S. (1978), which prescribes that the copy of the indictment and judgment of conviction or sentence "be authenticated by the executive authority making the demand." In the absence of any evidence to establish that the documents supporting the requisition were spurious or failed to allege a crime—and no such evidence was presented in this case— the governor's requisition is adequate to support an extradition order. *E.g., Cates v. Sullivan,* 696 P.2d 322 (Colo.1985); *Griffith v. Nelson,* 647 P.2d 228 (Colo.1982); *Clark v. Leach,* 200 Colo. 151, 612 P.2d 1130 (1980). In this case the governor of Texas personally certified the authenticity of the requisition and the documents supporting the requisition, thereby complying with the requirements of section 16–19–104, 8 C.R.S. (1978).

The judgment is affirmed.