[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal from a judgment of the Geauga County Court of Common Pleas denying the petition for a writ of habeas corpus of petitioner-appellant, Donald McGee.
On February 26, 1998, seventy-seven year old Henry Roth swore out a "complaint affidavit" before Florida law enforcement officer, Sergeant Richard Nunn, in Volusia County, Florida. He claimed appellant presented himself as a registered nurse and offered to care for Mr. Roth for the rest of his life if Mr. Roth would transfer ownership of his home to appellant. Mr. Roth alleged that he transferred ownership of his home to appellant, but appellant did not perform the nursing services he promised.
Also on February 26, 1998, a circuit judge in Volusia County, Florida, reviewed Mr. Roth's "complaint affidavit" and, based on the allegations in it, issued a felony arrest warrant charging appellant with exploitation of an elderly adult, in violation of Fla.Stat. 825.103(1) and (2).
On April 10, 1998, upon the request of Assistant State Attorney Christopher Kelly, Florida's Governor Lawton Chiles requested the extradition of appellant from Ohio's Governor George Voinovich. Governor Chiles's request stated that appellant was charged with the crime of exploitation of an elderly adult in violation of the laws of the state of Florida, that the offense was committed in the state of Florida, that appellant was present in the state of Florida at the time of the offense, and that appellant had taken refuge in the state of Ohio. The request was accompanied by the affidavit of Attorney Kelly detailing the facts underlying the charge, a copy of Mr. Roth's complaint affidavit, a copy of the felony arrest warrant, a photograph of appellant, and certification of the authenticity of the documents.
On April 13, 1998, Governor Voinovich granted Governor Chiles's request and issued a governor's warrant for appellant's arrest. On April 17, 1998, appellant was arrested on the governor's warrant. Appellant was held in the Geauga County jail in lieu of $60,000 cash or surety bail set by the Chardon Municipal Court. On April 22, 1998, appellant filed a petition for a writ of habeas corpus in the Geauga County Court of Common Pleas. He claimed he was wrongfully detained because the documents in support of Governor Chiles's extradition request were deficient on their face primarily in that they did not contain a copy of an indictment or information. Sometime after the petition was filed, appellant posted bond. A hearing was held on the petition, at which appellant was present. No evidence was presented at the hearing, but the attorneys for each party made arguments in support of their contentions. On May 22, 1998, appellant's petition was denied, and the trial court ordered him to report to the jail for immediate extradition. That same day, the trial court granted appellant's motion for a stay of the extradition order during the pendency of this appeal. Appellant claims the following as error:
 "The trial court erred to the prejudice of Petitioner-Appellant in denying his application for a Writ of Habeas Corpus." * * *
Appellant claims error in the trial court's decision to deny his petition for a writ of habeas corpus.[1] Specifically, appellant contends R.C. 2963.03 requires that a copy of the indictment or information charging him with a crime in the state of Florida be attached to the request for extradition. He also claims that a copy of the statute he is alleged to have violated must accompany the request for extradition. He contends these deficiencies result in a lack of proof that appellant was charged with a crime in Florida, and, resultantly, he should be granted the relief requested.
Before addressing the particular issue(s) raised by appellant, it would be instructive to review extradition procedures generally. The Supreme Court of Ohio has held that when interstate extradition is sought based upon an allegation that an individual committed a felony in the demanding state and has fled to an asylum state, federal law, both constitutional and statutory, is controlling. In re Rowe (1981), 67 Ohio St.2d 115,117. See, also, Michigan v. Doran (1978), 439 U.S. 282, 288. Article IV, Section 2, of the United States Constitution provides:
 "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."
To implement this provision of the Constitution, Congress passed 18 U.S.C. § 3182, which has remained essentially constant since its initial passage in 1793. It provides:
 "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear."
To further delineate procedures to be used in extradition matters, the Uniform Criminal Extradition Act was promulgated and was adopted by Ohio's General Assembly in 1937. Am. H.B. No. 108, 117 Ohio Laws 588, codified at G.C. 109, et seq., recodified at R.C. 2963.01, et seq. The language of R.C. 2963.02 mirrors the language of both Article IV, Section 2 of the United States Constitution and of 18 U.S.C. § 3182.
 "Subject to [the procedures enumerated in] sections 2963.01 to 2963.27, inclusive, of the Revised Code, the constitution of the United States and all acts of congress enacted in pursuance thereof, the governor shall have arrested and delivered to the executive authority of any other state of the United States, any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state."
To effectuate extradition, the act requires the following prerequisites to be attached to or included in the demand of the executive of the demanding state:
 "No demand for the extradition of a person charged with a crime in another state shall be recognized by the governor [of Ohio] unless the demand is in writing alleging * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and unless the demand is accompanied by:
 "(A) A copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; * * *." R.C. 2963.03.
Once the asylum state grants the request of the demanding state and issues a governor's warrant, a presumption arises that all constitutional and statutory requirements have been met. Doran,439 U.S. at 288-289; Rowe, 67 Ohio St.2d at 120. The extradition may then be challenged by filing a petition for a writ of habeas corpus. R.C. 2963.09. The habeas corpus petitioner would have the burden to rebut the presumption of regularity by proof beyond a reasonable doubt, and his challenges to the extradition would be limited to the following: (1) whether the extradition documents are in order on their face; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the extradition request; (4) whether the petitioner is a fugitive; and (5) whether the extradition is an attempt to enforce a civil liability. Doran,439 U.S. at 289; Carpenter v. Jameson (1982), 69 Ohio St.2d 308; In reHarris (1959), 170 Ohio St. 151.
Moreover, in reviewing a challenge to a governor's warrant on extradition, a trial court may not delve into the innocence or guilt of the petitioner. Rowe, 67 Ohio St.2d at 120. The review is summary and limited to a review of the documents. In re Terry, (1988), 51 Ohio App.3d 133, 134.
Appellant only challenges one aspect of the extradition proceedings, that the extradition documents are facially deficient. He claims the extradition request must be accompanied by a copy of the information or indictment charging him with a crime in the demanding state. This is simply not so. Relevant to this case, the statute requires submission of one of three
alternative documents, depending on the stage of the proceedings against a defendant in the demanding state: (1) a copy of the indictment; (2) a copy of the information supported by an affidavit; or (3) a copy of an affidavit made before a magistrate of the demanding state along with a copy of any warrant issued on the the affidavit. R.C. 2963.03(A). The state of Florida utilized the third alternative in seeking appellant's extradition.
A copy of a complaint affidavit sworn before a law enforcement officer, along with a copy of a felony arrest warrant issued by a judge in reliance on the affidavit, were included in the extradition documents before Governor Voinovich. In Florida, a law enforcement officer may administer an oath for purposes of an affidavit. Fla.Stat. 117.10. Moreover, any judicial officer, including a circuit court judge, is a "committing magistrate" who may issue an arrest warrant for an offense committed within his or her jurisdiction. Fla.Stat. 901.01; Fla.R.Crim.Pro. 3.120. A circuit court judge has exclusive jurisdiction over felonies allegedly committed in the county in which he or she sits. Fla.Stat. 26.012.
Mr. Roth's properly sworn affidavit provided the basis for the circuit judge, the committing magistrate, to determine whether reasonable grounds existed for an arrest warrant for the crime of exploitation of an elderly adult. The offense, a felony, was allegedly committed in Volusia County, and the arrest warrant was issued by a Volusia County circuit judge. These documents, which appear valid on their face and after careful review of the relevant Florida laws, were sufficient to support the extradition. R.C. 2963.03; Hanson v. Smith (1990), 67 Ohio App.3d 420. Appellant has consequently failed to rebut the presumption of regularity that arose by virtue of Governor Voinovich's execution of the governor's warrant.
Moreover, there is no additional requirement in Article IV, Section 2 of the United States Constitution, in 18 U.S.C. § 3182, or in Revised Code Chapter 2963, that the extradition documents also contain a copy of the statute allegedly violated. Its absence from this packet does not render the extradition documents facially deficient, especially when the felony warrant recites the facts underlying the charge and cites the relevant statutory provision.[2]
Appellant's assignment of error is without merit, and the judgment of the court of common pleas is affirmed.
JUDGE ROBERT A. NADER
FORD, P.J.,
CHRISTLEY, J., concur.
[1] The assigned error is unartfully styled. The purpose of a writ of habeus corpus is merely to produce the body of the defendant at the hearing. R.C. 2725.12. If the court determines that the defendant was unlawfully restrained of his liberty, the court is to order that the defendant be discharged. R.C. 2725.17. In this case appellant's request for the issuance of a writ of habeus corpus was made moot by his voluntary appearance at the hearing. What the trial court actually denied was his request for an order of discharge and dismissal of the extradition proceedings.
[2] The fact that the Florida Constitution, Article I, Section 15, prohibits a felony trial without an indictment or information is not dispositive of the issue(s) before this court. This case is concerned with extradition, not the guilt or innocence of the accused.